### AGNEW v. ADAMS.

1. A ruling of the Circuit Judge that the defendant is properly in court may be appealed from before final judgment.
2. A refusal to grant a motion for non-suit is a mere ruling and not appealable until after final judgment.
3. Appeal dismissed, the return not having been filed within the time prescribed by Rule II.

This was a motion to dismiss an appeal, upon the ground that the return had not been filed within the time prescribed, and upon the other ground stated in the opinion.

*Messrs. Bachman & Youmans*, for the motion.

*Mr. A. C. Moore*, contra.

---

[1] This completes the cases of April term, 1885.—REPORTER.

December 14, 1885. The opinion of the court was delivered

PER CURIAM. In this case a motion is made to dismiss the appeal upon two grounds, 1st. Because the matters appealed from are not appealable. 2d. Because appellant has failed to comply with the requirements of rule II. of this court.

For a proper understanding of the point made by the first ground upon which the motion is based, it will be necessary to make a brief statement of the facts. The action in this case was brought originally against Robert Adams, and he having died during its pendency, an order was granted by Judge Hudson, within a year, continuing the action against Eveline Adams, as administratrix of said Robert Adams. Thereupon a notice was served upon said Eveline Adams, together with copies of the original summons and complaint, of the order of Judge Hudson, and that the plaintiff would apply for judgment against her as administratrix as aforesaid. At the trial, the counsel for defendant contended that the action could not be maintained in the then state of the pleadings, inasmuch as, though there was an order authorizing the continuance of the action against the administratrix, yet the proper steps had not been taken to make her a party, inasmuch as no amended or supplemental complaint had been filed, or amended summons served upon her. The Circuit Judge ruled otherwise and the defendant excepted.

At the close of the plaintiff's case the defendant moved for a non-suit on several grounds, which it is not material to set out here. The defendant then introduced her testimony, and the jury rendered a verdict for the defendant, which, upon motion of plaintiff's counsel, was set aside and a new trial ordered by the Circuit Judge. The defendant appeals, substantially upon two grounds. 1st. For error on the part of the Circuit Judge in holding that the action was properly continued against her as administratrix. 2d. For error in refusing her motion for non-suit.

It will be observed that the only question which we are now called upon to decide is, not whether there is merit in the grounds of appeal, but whether the matters complained of are appealable. The first matter complained of presents the important question, vital to the jurisdiction of the court, whether the defendant has

been made a party to the action in the manner prescribed by law, and we are not prepared to say that the decision of such a question is not appealable before final judgment is rendered.

The next inquiry is, whether the refusal of a motion for a non-suit can be appealed from before final judgment has been rendered. The code, in section 11, prescribes what is appealable and when the appeal may be taken. In its first subdivision it provides that an appeal may be taken, first, from "any intermediate judgment, order, or decree involving the merits," &c. Second, from the final judgment. The second subdivision of that section provides for an appeal from "an order affecting a substantial right made in an action, when such order, in effect, determines the action, and prevents a judgment from which an appeal might be taken, or discontinues the action, and when such order grants or refuses a new trial, or when such order strikes out an answer, or any part thereof, or any pleading in an action." The cases provided for in subdivision three of this section need not be stated, as they are plainly inapplicable to our present inquiry. It is very clear that the refusal of a motion for non-suit cannot be brought under any of the cases provided for in subdivision 2, for while it may affect a substantial right, it does not in effect determine the action, or prevent a judgment from which an appeal might be taken, nor does it discontinue the action; and it certainly does not fall under any of the other cases provided for in that subdivision.

The only remaining inquiry is, whether it can be brought under the first class of cases provided for in subdivision 1, as it clearly is not a final judgment. The inquiry is therefore narrowed down to the question whether the refusal of a motion for a non-suit is an "intermediate judgment, order, or decree, involving the merits." It certainly cannot be classed as either an intermediate judgment or decree, for a judgment is defined in Code, section 266, to be "the final determination of the rights of the parties in the action," and it is not and cannot be pretended to be a decree. Is it an order involving the merits? In section 401 of the Code it is declared that "every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order." Now, the refusal of a motion

for a non-suit is never "made or entered in writing," and there-fore cannot be "denominated an order." It is in fact nothing more than a mere ruling, like a ruling as to the competency of testimony, which, if excepted to at the time, may be made the basis of an appeal, after final judgment has been entered, but not before. To stop the trial of a case by allowing an appeal from the refusal of a motion for a non-suit, or a ruling as to the com-petency of testimony, would lead to interminable delays, and so far as we know has never been allowed, either before or since the adoption of the code. If, however, the non-suit is granted, then it is clearly appealable, under the first class of cases provided for in subdivision 2 of section 11 of the Code, as it "in effect deter-mines the action."

Counsel for appellant contended in the argument of this motion that this court, in several cases, in the very last volume of our Reports, the 21st, had considered on appeal alleged errors in the refusal of motions for a non-suit. Turning to that book we find eight cases in relation to this subject. In *Felder* v. *C. & G. R. R. Co.* (21 *S. C.*, 35); *Davis* v. *C. & G. R. R. Co.*, at page 93; *Glenn* v. *C. & G. R. R. Co.*, at page 466; and *Hooper* v. *C. & G. R. R. Co.*, at page 541, the appeals were from orders grant-ing non-suits. In *Freer* v. *Tupper*, 21 *S. C.*, 75; *Wilson & Co.* v. *Dean*, at page 327; *Crouch* v. *C. & S. R. R. Co.*, at page 495; and *Altee* v. *S. C. R. R. Co.*, at page 550, the appeals were from final judgments, and there the court could, and did, consider and determine whether there was error in refusing the motion for non-suit, just as it could consider any other alleged error, if properly excepted to at the time, which might have been committed in the progress of the proceedings towards final judgment, because such error, if any there should be, would necessarily enter into and vitiate the final judgment, and hence upon an appeal from such judgment, any error that may have been committed in refusing a motion for non-suit, or in admitting or rejecting testimony, could be considered.

While, therefore, we think that the alleged error in determin-ing that the action was properly continued against the present defendant as administratrix of Robert Adams, may be appealable at this time, yet we cannot hold that the defendant can appeal

from the refusal of her motion for non-suit until after final judgment has been entered.

The respondent, however, claims that the appeal should be dismissed for failure on the part of appellant to comply with the requirements of rule II. of this court. It is not and cannot be denied that there has been such failure on the part of the appelant, and where respondent claims, as he has done in this case, the protection of that rule, we feel bound to accord it to him. We are the less reluctant to enforce the rule in this case, because we do not see how the substantial rights of appellant can be prejudiced by the dismissal of her appeal. The Circuit Judge has already ordered a new trial, and if upon such trial the judgment should go against the defendant, she can then, by appeal from such judgment, raise all the questions presented by this appeal.

The judgment of the court is that the appeal be dismissed.