LOWNDES v. MILLER.

1. Where the Circuit Judge, in a cause properly before him, determined none of the issues involved, but recommitted the case to the referee to take and report further testimony upon the matters at issue, an appeal does not lie from such order of recommittal.
2. It is within the discretion of the Circuit Judge to suspend the hearing of a cause for the purpose of obtaining further testimony, if in his judgment the ends of justice require it.

Before FRASER, J., Georgetown, May, 1885.

The opinion sufficiently states the case.

*Messrs. Simonton & Barker* and *Walter Hazard*, for plaintiff.

*Mr. R. Dozier*, contra.

June 22, 1886.  The opinion of the court was delivered by

MR. JUSTICE MCIVER.  This action was brought by the plaintiff for the foreclosure of a mortgage of real estate, given to secure the payment of an ordinary money bond, the plaintiff claiming to be the owner and holder thereof, by various successive assignments from the original obligee and mortgagee.  Upon hearing the pleadings it was referred to a referee "to inquire into the facts set forth therein and to report the testimony to this court."  The case came on for a hearing before Judge Fraser on the pleadings and testimony taken by the referee, and he, after suggesting several difficulties and doubts as to the sufficiency of the testimony adduced to establish the several assignments through which the plaintiff claimed, but without deciding definitely any of the points suggested, declined to proceed to a consideration of the merits of the case, or to determine any of the issues in the action, and passed an order recommitting the case to the special referee, in which he directed that the referee "do take and report to this court such further testimony in reference to the various assignments as may be produced before him in the manner provided by law, by the plaintiff or defendant in this case."

From this order both parties appeal—the plaintiff, substantially, upon the ground that the testimony reported by the referee was sufficient to establish his case, and that the Circuit Judge erred in declining to render judgment of foreclosure as prayed for in the complaint; the defendant upon the ground, substantially, that the testimony reported by the referee was insufficient in law to establish the plaintiff's right to the bond and mortgage, and therefore the defendant was entitled to a judgment dismissing the complaint, and the Circuit Judge erred in declining to render such judgment.

Before this court can enter upon any discussion or render any decision upon the points raised by the several grounds of appeal, we must first determine a preliminary question, which meets us at the very threshold, and that is whether we now have jurisdiction of such points.  This depends upon the inquiry whether the order complained of is appealable.  Section 11 of the Code of Procedure declares what shall be reviewable by appeal

to the Supreme Court, as follows: "1. Any intermediate judgment, order or decree, involving the merits in actions commenced in the Courts of Common Pleas and General Sessions, brought there by original process, or removed there from any inferior courts or jurisdiction, and final judgments in such actions. * * * 2. An order affecting a substantial right made in an action, when such order, in effect, determines the action, and prevents a judgment from which an appeal might be taken, or discontinues the action, and when such order grants or refuses a new trial; or when such order strikes out an answer, or any part thereof, or any pleading in an action. * * * 3. A final order affecting a substantial right made in a special proceeding, or upon a summary application, in an action after judgment."

It is quite clear that the order of Judge Fraser does not fall under subdivision 3 of the section just quoted; and we think it equally clear that it does not fall under subdivision 2. For to bring it under that subdivision it must be not only an order "affecting a substantial right," but it must also, in effect, determine the action or prevent a judgment from which an appeal might be taken, or it must discontinue the action. Now, even if it should be conceded that the order appealed from does affect a substantial right, it is quite clear that it does not, in effect, determine the action, or prevent a judgment from which an appeal could be taken, for on the contrary, it determines nothing as to any of the issues in the case, and so far from preventing a judgment, its declared object is to obtain such further light as would enable the court to render judgment. Nor do we think it can be regarded as an order, either granting or refusing a new trial, for the trial of the issues was arrested before any conclusion, either one way or the other, was reached. There has never yet been any trial of such issues, for though it was commenced, yet the Circuit Judge, in the exercise of his discretion, deeming it necessary for a proper determination of the questions involved to have further testimony, practically continued the case until such further testimony could be obtained.

The only remaining inquiry, therefore, is whether the order in question falls under subdivision 1 of section 11 of the Code. That subdivision embraces two classes: 1st. Intermediate judg-

ments, orders, or decrees, involving the merits; and, 2nd. Final judgments. As the order here under consideration is, manifestly, not a final judgment, our inquiry is narrowed down to the question whether it is an intermediate order "involving the merits." It certainly is an intermediate order, but does it involve the merits of the action? Precisely what the words "involving the merits," as used in the section of the code above referred to signify, may be difficult to define so as to cover every possible case that may arise. In *Henderson* v. *Wyatt* (8 *S. C.*, 112) it is said: "An order to involve the merits must finally determine some substantial matter forming the whole or a part of some cause of action or defence in the case in which the order is entitled." This language is quoted with approval in *Westfield* v. *Westfield* (13 *S. C.*, at page 484), where it was applied to a case which, in principle, was like the case now under consideration. There, where a claim was presented under a proceeding to marshal assets, the Circuit Judge not being satisfied under the testimony offered, either to allow or reject the claim, recommitted it for further proof, and it was there said that such an order was not appealable. See, also, what is said in *Watkins* v. *Lang* (17 *S. C.*, at page 21), where an order recommitting a report of the master for further testimony is spoken of as a matter resting in the discretion of the Circuit Judge, with which this court will not ordinarily interfere.

It is true that there may be cases in which an order recommitting a case to the master or referee for further testimony might present errors of law, involving the merits of the action, which would render it appealable; but we do not think that the present is such a case. We do not understand that Judge Fraser decided any of the questions involved in the case, but as a prudent precaution desired further testimony before proceeding to make any decision. This was a matter clearly within his discretion, and we cannot say that it was improperly exercised. The courts of this State have gone very far in recognizing the discretionary power of the Circuit Judge as to the time of receiving further testimony in a case, when it is deemed necessary to secure the ends of justice, sometimes permitting it to be offered even after a motion for non-suit has been made and argued, and even after

the opinion of the judge has been indicated in favor of the motion (*Browning* v. *Huff*, 2 *Bail.*, 179 ; *Poole* v. *Mitchell*, 1 *Hill*, 404), and sometimes permitting a case to be withdrawn from the jury and continued with a view to obtain further testimony necessary to establish plaintiff's case. *Cook* v. *Cottrell*, 4 *Strob.*, 61, recognized in *Wilson* v. *Dean*, 21 *S. C.*, 327. Indeed, as is said in *Matthews* v. *Heyward* (2 *S. C.*, at page 247), the conduct of a case on Circuit, "so far as relates to the time of the introduction of testimony on the one side or the other, must be regulated by the particular circumstances then existing, of which the presiding judge can properly alone decide."

In the case now under consideration, the Circuit Judge, after hearing such testimony as had been taken by the referee and reported to the court, not feeling satisfied that he had sufficient testimony before him to enable him properly to determine the issues involved in the case, declined to pass upon the merits of the action, and practically continued the case for further testimony, and we do not think his order to this effect is appealable. This being so, it would be premature now to consider or determine the questions presented by the several grounds of appeal.

The judgment of this court is, that the order appealed from be affirmed.