NATIONAL EXCHANGE BANK OF AUGUSTA *v.* STELLING.

COMMERCIAL BANK OF AUGUSTA *v.* SAME.

AUGUSTA SAVINGS BANK *v.* SAME.

A decree upon the question whether the defendant had properly been made a party to the cause, is at once appealable, and pending an appeal by one of the defendants from such decree, the Circuit Court is without jurisdiction to hear the cause on the merits, as to any of the defendants.

Before WALLACE, J., Aiken, March, 1889.

This was an action by the plaintiffs above named against F. H. Stelling and J. J. Bredenberg. Both defendants appealed upon 18 exceptions, of which No. 15 was as follows:

"15. That his honor errs in his conclusion that 'the plaintiffs too, on the proof, are entitled to demands against the defendant, Stelling,' and in ordering, adjudging, and decreeing, 'that plaintiff have judgment against F. H. Stelling for the sum of four thousand dollars, principal debt, and two hundred and fifty-eight dollars, interest up to 2nd May, 1885, and for eleven dollars and twenty-five cents costs, and for interest on the foregoing, aggregated from 2nd May, 1885, the day of the judgment of the Superior Court of Georgia, and costs of this action;' whereas it is respectfully submitted that neither the Circuit Court nor his honor, as the presiding judge thereof, had the authority or the jurisdiction to hear and determine this action in the then condition of the pleadings and the case, as against either of the defendants, and parti-

cularly as against the defendant Stelling; inasmuch as this action as against said Stelling was, at the time this cause was heard by his honor, the presiding judge, to wit, at the April term, 1889, of the Circuit Court for the County of Aiken, within the jurisdiction of the Supreme Court of this State, to which court it had been taken on appeal from an order or decree of Judge J. J. Norton, made by him as the presiding judge of this Circuit on November 15th, 1888, and filed in the office of the clerk of the court of Aiken County, on November    , 1888; and at the date of the hearing of this action by Judge Wallace, as the presiding judge, said case was pending upon an appeal in said Supreme Court, and his honor so ruled, inasmuch as he refused to grant a motion made by plaintiff's attorneys to take judgment by default against the defendant Stelling, because of the pendency of said appeal, and said case remained in the jurisdiction of the Supreme Court until July 19th, 1889, and afterwards, and his honor should have held, as matter of law, that he had no authority or jurisdiction to hear and determine the same."

*Messrs. W. T. Gary, Aldrich & Ashley*, and *M. P. Foster*, for appellants.

*Messrs. Croft & Chafee* and *Henderson Bros.*, contra.

February 19, 1890. The opinion of the court was delivered by
Mr. CHIEF JUSTICE SIMPSON. The defendant (appellant), F. H. Stelling, a resident of the State of Georgia, on the 15th day of February, 1884, conveyed by deeds to the defendant Bredenberg, also a resident of the same State, thirteen tracts of land located in Aiken and Barnwell Counties of this State, in consideration of money due from the said Stelling to the said Bredenberg; the said tracts being all the land or property then owned in this State by the said Stelling, as it is alleged. These deeds were executed in the city of Augusta, Ga., where these parties resided. At the time of the execution of these conveyances, Stelling is alleged to have been indebted to a considerable amount to the plaintiffs, respondents herein, all being corporations existing in the State of Georgia. After the executions of these

deeds, two of the plaintiffs first mentioned hereinabove obtained judgments for their demands against Stelling in the Superior Court of the County of Richmond, Ga. The third plaintiff's demand was evidenced by note of Stelling, but had not been reduced to judgment.

Under these circumstances, the plaintiffs commenced separate actions in this State against the said Stelling and the said Bredenberg—the action below—praying judgment against Stelling for the amount of these claims, and that the deeds or conveyances of the land be vacated and set aside, as in violation of the 72nd chapter of the General Statutes of this State, known as the "assignment act," and also because fraudulent, being intended to delay, hinder, and defeat creditors. Upon an affidavit of one of the attorneys of the plaintiffs, an order of service of the summons in each case by publication was obtained from the master. No publication, however, was made; but the summons in each case was served upon the defendants in Augusta, Ga. Bredenberg appeared and answered; but Stelling did not answer. He, however, through his attorney, gave notice that he appeared for the purpose of moving to set aside the service of the summons, and also to set aside attachments which the plaintiffs had caused to be issued, and which had been levied upon the lands aforesaid, and for this purpose only. This motion was based upon alleged irregularities in obtaining the service of summons and the attachments, and also upon the ground that the facts stated in the complaint did not constitute a cause of action.

For some reason, these motions were not heard at the first term after the notice; but at that term the plaintiffs obtained judgment against Stelling by default, and duly entered up the same, issued execution, and had a return of *nulla bona*, and gave notice that they would apply for leave to file a supplemental complaint, setting forth the judgments and the return of *nulla bona*. Stelling then gave notice of a motion to set aside the judgments by default. His honor, Judge Norton, heard these different motions, who rendered a decree, in which he held: *First*, that the complaints stated facts sufficient to constitute causes of action; *second*, that the service of the summons was sufficient and legal; *third*, that the attachments were valid, and that the motion to

vacate them should be denied; and, *fourth*, that the judgments by default against Stelling in each case should be set aside, as also the executions thereon. and that Stelling should have leave to answer within twenty days after the filing of his decree. And he further ordered, that the motion of the plaintiffs to file supplemental complaints be denied, without costs. From this decree Stelling appealed upon exceptions alleging error to his honor, in so far as he declined to set aside the attachments and to vacate the service of the summons and complaint in each of the causes; and he gave notice that he would sustain the setting aside of the judgment by default against him upon other grounds than that upon which the judge acted. This appeal was heard by this court; and the decree below was reversed as to the attachments, but sustained as to the service of the summons and the other matters involved. See 31 S. C., 360.

While this appeal was pending, and before the court announced the judgment, the case came up before his honor, Judge Wallace, who heard the case notwithstanding the pending appeal,. which was brought to his attention. His honor, after the hearing, took time to prepare his decree, and before he filed it the opinion of this court was announced, and the *remittitur* sent down to Aiken. Thereafter the decree below was filed, in which judgments were ordered and granted in each of the cases against Stelling for the amount of the claim sued for, and also the deeds of conveyances described in the complaints for the lands in question were set aside as null and void, because in violation of the assignment act of this State. Section 2014. From this decree Stelling and Bredenberg both have appealed. The three causes above were heard below together, and have been heard here together. The exceptions will be found attached below.   *   *   *

. From the view which we have taken of these cases, we have reached the conclusion that the fifteenth exception must be sustained, which demands a reversal of the judgment below, on the ground that at the time the cases were heard below by his honor, Judge Wallace, an appeal was then pending in this court, which, in our judgment, deprived the lower court of jurisdiction. That appeal, among other questions, involve1 the question whether or not Stelling was a party, which was a vital question. This court

has held, in several cases, that an appeal from an order overruling a demurrer to the complaint, because it did not state facts sufficient to constitute a cause of action stayed further proceedings below during the pendency of the appeal. *Hammond* v. *Raiload Co.*, 15 S. C., 35, and *Elliott* v. *Pollitzer*, 24 *Id.*, 81. These decisions occurred before the recent act. And in *Agnew* v. *Adams*, *Id.*, 86, this court said. in reference to an appeal involving the question whether the appellant was a party, as follows: "The first matter complained of presents the important question, vital to the jurisdiction of the court, whether the defendant has been made a party to the action in the manner prescribed by the law ; and we are not prepared to say that the decision of such a question is not appealable before final judgment is rendered."

The Code provides that an appeal may be taken from an intermediate order, &c., involving the merits, provided that if no such appeal is then taken, such order or decree may be reversed on appeal from the final judgment. Here the intermediate decree of Judge Norton, holding that Stelling had been properly made a party, was a vital one to the jurisdiction of the court over the person of Stelling ; and he had certainly the right to have the judgment of the court of last resort on the question whether he was a party, before he could determine whether he should answer or not. This decree, we think, was appealable, and, being appealable, the court below could not go on and adjudge and determine Stelling's rights, when he was not a.party, or at least when that question was pending in the Supreme Court. It is true that Bredenberg did not appeal from the decree of Judge Norton. He has appealed, however, from the decree of Judge Wallace, and relies in part on the fifteenth exception above.

Having reached the conclusion that the court below did not have jurisdiction in these cases, for the reason given, at the time they were heard, and this meeting us at the very threshold, we have not felt called upon to consider the other questions raised in the appeal. In fact, a judgment on our part thereon would be premature. A new trial must be had, and that trial should be had untrammelled by any opinion of ours on the merits ; and to that end,

It is the judgment of this court, that the judgment of the Cir-

cuit Court be reversed in each of the above cases, and that said causes be remanded for a new trial.