Bernard JEFFERSON, by Maggie B. JOHNSON, his next friend, Respondent v. GENE'S USED CARS, INC., A South Carolina Corporation, Eugene C. Bowers, and Joseph Demates, Appellants.

(368 S. E. (2d) 456)

Supreme Court

Jan. 19, 1988.

## ORDER

Appellants appeal an order denying their Rule 6(b), SCRCP, motion to be allowed to file a late answer. Respondent moves to dismiss arguing the order is an unappealable interlocutory order. We dismiss the appeal.

Respondent relies on two decisions by the Court of Appeals in arguing for dismissal. *Thynes v. Lloyd,* 294 S. Ct. 152, 363 S. E. (2d) 122 (1987); *Ateyeh v. United of Omaha Life Ins. Co.,* 293 S. C. 436, 361 S. E. (2d) 340 (Ct. App. 1987). These opinions are not dispositive of this appeal since they involve the grant (*Ateyeh*) and denial (*Thynes*) of a motion to set aside entry of default under Rule 55(c) SCRCP, rather than denial of a motion to file a late answer under Rule 6(b). Further, while the Court of Appeals reached the correct result in these cases, it improperly relied on Rule 72, SCRCP, and federal cases interpreting the appealability of orders made pursuant to Rule 55(c), F.R.C.P. This Court has held that the right to appeal is controlled by statute and not by Rule 72. *North Carolina Fed. Sav. & Loan Ass'n v. Twin States Dev. Corp.,* 289 S. C. 480, 347 S. E. (2d) 97 (1986). We agree that the grant or denial of a Rule 55(c) motion is not directly appealable under S. C. Code Ann. § 14-3-330 (1976).

Denial of a Rule 6(b) motion is directly appealable only if it falls within the purview of § 14-3-330(1) or (2)(c). An interlocutory order is appealable under subsection (1) only if it involves the merits, that is, "finally determines some substantial matter forming the whole or a part of some cause of action or defense...." *Henderson v. Wyatt*, 8 S. C. 112 (1877). Subsection (2)(c) permits the direct appeal of orders which affect a substantial right by striking out an answer.

We hold this order is not appealable under subsection (1) because it does not involve the merits. In ruling on appellants' Rule 6(b) motion the judge expressed no opinion on the substantive contents of the answer, but determined only that appellants had not shown good cause to be allowed to file late. We also hold that the order is not appealable under subsection (2)(c) since it does not strike the answer, but refused to allow its filing. Again, this decision does not relate to the merits of the answer. Accordingly, the appeal is dismissed without prejudice.

It is so ordered.