23792

MID-STATE DISTRIBUTORS, INC., Respondent v. CENTURY IM-
PORTERS, INC., Carlton and United Breweries Ltd., Molson Breweries
U.S. Holdings, Inc., Fosters Brewing Group Limited, f/k/a Elders IXL,
and Capital Wine and Beverage Distributing Co. of Columbia, Inc., of
whom Carlton and United Breweries Ltd. is, Appellant. Appeal of
CARLTON AND UNITED BREWERIES LTD.

(426 S.E. (2d) 777)

Supreme Court

*Harold W. Jacobs* and *Julian Hennig, III,* of *Nexsen Pruet Jacobs & Pollard,* Columbia, *for appellant.*

*Nikki G. Setzler* and *William J. Buchanan,* of *Setzler, Chewning & Scott,* West Columbia; and *James B. Richardson, Jr.,* of *Svalina, Richardson & Smith,* Columbia, *for respondent.*

Heard Jan. 5, 1993.

Decided Feb. 1, 1993.

TOAL, Justice:

This case arises from a pretrial denial of a motion, under Rule 12(b)(2), SCRCP, to dismiss for lack of personal jurisdiction. We DISMISS the appeal as interlocutory.

## Facts

Respondent, Mid-State Distributors (Mid-State), brought an action against Appellant, Carlton and United Breweries Limited (Carlton),[1] alleging that Mid-State's beer distributorship franchise was wrongfully terminated in violation of Title 61, Chapter 9 of the S.C. Code of Laws (1976). After Mid-State made several amendments to the summons and complaint, Carlton filed a motion to dismiss the action for lack of jurisdiction.

Mid-State alleged, in the amended summons and complaint, that South Carolina had personal jurisdiction over Carlton. Carlton, in support of their motion, attached the affidavit of a corporate director, which stated that Carlton was an Australian corporation with a principal place of business in Australia. This affidavit further stated that Carlton does not conduct business in the State of South Carolina, has not qualified to do business here, owns no property here, maintains no agent here, and has no other contacts with South Carolina.

---

[1] Although several other parties are named in the underlying suit, Carlton is the only part appealing the issue of personal jurisdiction.

The motion to dismiss for lack of personal jurisdiction was heard on April 20, 1992, and denied on April 21, 1992. Carlton appeals from the denial.

## Law/Analysis

The primary issue before us is whether the pretrial denial of a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), SCRCP, is appealable. If so, then the issue becomes whether Carlton is subject to suit under the South Carolina "long arm statute," codified at S.C. Code Ann. § 36-2-803 (1986).

South Carolina case law is settled that "at the pre-trial stage of the proceedings, the plaintiff need only make a prima facie showing by pleadings and affidavits." *Hammond v. Butler, Means, Evins & Brown*, 300 S.C. 458, 462, 388 S.E. (2d) 796, 798 (1990), *cert. denied sub nom. Kramer v. Hammond*, 498 U.S. 952, 111 S.Ct. 373, 112 L.Ed. (2d) 335 (1990); *see White v. Stephens*, 300 S.C. 241, 387 S.E. (2d) 260 (1990); *Askins v. Firedoor Corp. of Florida*, 281 S.C. 611, 316 S.E. (2d) 713 (Ct. App. 1984).

There is no "other evidence" requirement for personal jurisdiction where the complaint itself demonstrates jurisdiction. *Springmasters, Inc. v. D&M Mfg.*, 303 S.C. 528, 402 S.E. (2d) 192 (Ct. App. 1991). In *Berkeley PG Corp. v. Southbank Inv. Group, Inc.*, 291 S.C. 315, 353 S.E. (2d) 305 (Ct. App. 1987), the Court of Appeals held that it was not necessary for the plaintiff to show a binding contract to be performed within the state, or that the contract was binding between the parties; instead, the court opined that the plaintiff only needed to make a prima facie showing that the trial court should exercise personal jurisdiction. *Id.*

The relevant question is whether Mid-State made a sufficient prima facie showing. In their amended complaint, Mid-State alleges that Carlton is an integral part of the distribution system for Foster's beer. Mid-State pleads facts which show that Carlton is contacted with orders from the importer, who receives the orders from the distributors. It is alleged that Carlton then ships goods directly to the distributor F.O.B., Australia, with the expectation and intention that the beer be consumed in South Carolina. Mid-State also alleges that Carlton is a wholly-owned subsidiary of Fos-

ter's Brewing Group, which also owns 50% of the importer.

In an earlier order,[2] denying a motion to dismiss under Rule 12(b)(6), SCRCP, the judge noted that Mid-State's franchise existed separately from any agreement between Mid-State and the importer. The lower court also wrote that "[S.C. Code Ann.] § 61-9-1010 prohibits the manufacturer, acting alone or through a related corporation—the new importer, Century—from terminating Mid-State's franchise without just cause." In the order's conclusion, the judge stated that, "Mid-State's franchise cannot be terminated and the statute circumvented by the expedient of a foreign brewer firing its importer and taking over the importation itself."

Looking at the evidence in a light most favorable to the nonmoving party, Mid-State has made a prima facie showing of personal jurisdiction over Carlton. There are genuine questions of fact remaining which concern Carlton's role in the distribution system, and Mid-State's prima facie showing is sufficient to warrant further inquiry.

To support their appeal, Carlton cites several cases which were decided prior to the adoption of the S.C. Rules of Civil Procedure, and during the period when the appealability statute was in its infancy.[3] In *National Exchange Bank v. Stelling*, 32 S.C. 102, 10 S.E. 766 (1890), and *Agnew v. Adams*, 24 S.C. 86 (1885), an order finding that a defendant was properly made a party could be appealed prior to a final judgment. During this same time frame, the demurrer was also directly appealable; however, this practice ended with the decision announced in *Moyd v. Johnson*, 289 S.C. 482, 347 S.E. (2d) 97 (1986) (overruling the appealability of a denial from a motion to dismiss under Rule 12(b)(6), SCRCP).

At its inception in 1870, the predecessor statute to S.C. Code Ann. § 14-3-330 contained the language of "involving the merits." This Court initially struggled with defining the phrase, and at the time of the decisions in *Stelling* and *Agnew*, the definition of what involved the merits was "difficult to define." *Lowndes v. Miller*, 25 S.C. 119 (1886). In 1890, we stated

---

[2] Prior to making the motion on appeal, Carlton, and the other defendants in the case, filed a motion for dismissal under Rule 12(b)(6), SCRCP, which was denied by Judge Carol Connor on December 12, 1991.

[3] S.C. Code Ann. § 14-3-330 (1976 & Supp. 1992), regulates which judgments, decrees or orders are appealable to the Court.

that "what is the precise meaning of the words ['involving the merits'] . . . has never, as far as we know, been distinctly determined." *Ferguson v. Harrison*, 34 S.C. 169, 172, 13 S.E. 332, 333 (1890). Today we have defined an order which "involves the merits," as an order which "must finally determine some substantial matter forming the whole or a part of some cause of action or defense. . . . " *Jefferson v. Gene's Used Cars, Inc.*, 295 S.C. 317, 318, 368 S.E. (2d) 456, 456 (1988); *Knowles v. Standard Savings & Loan Ass'n*, 274 S.C. 58, 59, 261 S.E. (2d) 49, 49 (1979).

When *Stelling* and *Agnew* were decided, the State of South Carolina had a very broad definition of what "involved the merits." During the same time frame, South Carolina law also made demurrers immediately appealable. We have now defined "involving the merits" in a more narrow fashion and eliminated the practice of immediately appealing the demurrer. An appeal based on the facts presented in *Stelling* and *Agnew* could not be maintained under our current definition of "involving the merits," or under the current rules of civil procedure.

The appealability statute § 14-3-330 states:

[t]he Supreme Court shall have appellate jurisdiction for correction of errors of law in law cases, and shall review upon appeal:
(1) Any intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, . . . and final judgments from such actions; provided, that if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from. . . .

*Id.*[4] Carlton has not arrived at the end of the road. A party

---

[4] It should be noted that § 14-3-330 also allows appeal from an order affecting a substantial right. This is when such order would discontinue an action, prevent an appeal, grant or refuse a new trial, or strike out an action or defense. The denial of a motion to dismiss for lack of jurisdiction does not impair a substantial right. *Shields v. Martin Marietta Corp.*, 303 S.C. 469, 402 S.E (2d) 482 (1991) (where the avoidance of trial was held as not constituting a substantial right). On the present facts, Carlton has not lost a defense; and in fact, their defense will remain viable until there is a final order in the case.

who is denied a dismissal under Rule 12 has forfeited nothing, they must simply continue to trial.

South Carolina case law has established what constitutes an interlocutory appeal. If there is some further act which must be done by the court prior to a determination of the rights of the parties, then the order is interlocutory. *Adickes v. Allison & Bratton*, 21 S.C. 245 (1884). If a judgment determines the applicable law while leaving open questions of fact, it is not a final judgment. *Good v. Hartford Accident and Indemnity Co.*, 201 S.C. 32, 21 S.E. (2d) 209 (1942).

The prima facie showing of personal jurisdiction at the pretrial stage is all that is required to continue the civil action. To do otherwise would require a much greater degree of specificity in the pleadings than is currently mandated by the South Carolina Rules of Civil Procedure. Further, after a prima facie showing, the appeal of the personal jurisdiction issue prior to a full development of the facts serves no useful function. There is no finality in a denial of the motion to dismiss for lack of personal jurisdiction. Just as with a denial of a 12(b)(6), the prima facie showing will succeed or fail at trial. It would be inconsistent with this Court's decisions dealing with other pretrial dismissal motions if a special niche were maintained for personal jurisdiction. Carlton still may show that there is a lack of personal jurisdiction at trial, and may still be entitled to other procedural relief based on the evidence.

Our recent decision in *Southern Plastics Company v. Southern Commerce Bank*, — S.C. —, 423 S.E. (2d) 128 (1992) (Davis Adv. Sh. No. 22 at 22) adopts the federal two-prong test for determining the limits of due process and personal jurisdiction. In *Southern Plastics*, we recognized the similarities between the federal and state rules of civil procedure, and the necessity of adopting a test which allows a court to satisfy the limits of due process. It is sound public policy to modify the procedure currently in place and conform our case law to the established limits of constitutionality.

In the federal system, albeit based on a different statute, the rules of civil procedure discourage an appeal from a denial of a 12(b)(2) motion. Where it is consistent with the South Carolina statute, we can utilize much of the same procedure to

support the policy of judicial economy, and to prevent interlocutory appeals. Once all of the relevant evidence is presented, the trial court, using the test set forth in *Southern Plastics*, can decide the question of personal jurisdiction.

To the extent that *Stelling* and *Agnew* conflict with the current definition of "involving the merits," they are overruled. The denial of Carlton's motion to dismiss has no real finality, and any defense to personal jurisdiction can still be maintained at trial. We, therefore, hold that the denial of a motion to dismiss under Rule 12(b)(2), SCRCP, is interlocutory and not directly appealable.

Accordingly, for the reasons stated, the appeal is DISMISSED.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.