**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

South Carolina Public Interest Foundation and Edward D. Sloan, individually, and on behalf of all others similarly situated, Appellants,

v.

South Carolina Department of Transportation, and Robert J. St. Onge, Jr., Secretary of Transportation, Respondents.

Appellate Case No. 2015-001760

———————

Appeal From Richland County
W. Jeffrey Young, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-199
Heard February 15, 2017 – Filed May 11, 2017

———————

### DISMISSED

———————

James G. Carpenter, of The Carpenter Law Firm, PC, of Greenville, for Appellants.

Beacham O. Brooker, Jr., of Brooker Law Offices LLC, of Columbia, for Respondents.

———————

**PER CURIAM:** Appellants Edward D. Sloan and the South Carolina Public Interest Foundation appeal the circuit court's order denying their motion for attorney's fees under the South Carolina Freedom of Information Act (FOIA) against Respondents the South Carolina Department of Transportation and Robert J. St. Onge, Jr. Appellants argue (1) they were entitled to attorney's fees; (2) Respondents' production of public records did not render their claim for attorney's fees moot; (3) the circuit court properly ruled the documents were not exempt from production; and (4) their actual attorney's fees and costs were reasonable. We dismiss because the circuit court's order was not immediately appealable.

Appellants filed this appeal from the circuit court's order denying their motion for attorney's fees. However, the order failed to dismiss the underlying FOIA action or issue any decision on the merits. Thus, we find the circuit court's order was not a final order or immediately appealable. *See* Rule 72, SCRCP ("Appeal may be taken, as provided by law, from any final judgment or appealable order."); Rule 201(a), SCACR ("Appeal may be taken, as provided by law, from any final judgment, appealable order[,] or decision."); *Mid-State Distribs., Inc. v. Century Imps., Inc.*, 310 S.C. 330, 335, 426 S.E.2d 777, 780 (1993) (explaining an order is interlocutory if some further act must be done by the court prior to the determination of the rights of the parties).

Further, we find the circuit court's order was not otherwise immediately appealable under section 14-3-330(1)-(2) of the South Carolina Code (1976). The circuit court's order was not an intermediate order involving the merits of the case. *See* § 14-3-330(1) (providing for appellate jurisdiction to review an intermediate order "involving the merits"); *Mid-State Distribs.*, 310 S.C. at 334, 426 S.E.2d at 780 (defining an order "involving the merits" narrowly and as an order that "must finally determine some substantial matter forming the whole or a part of some cause of action or defense" (quoting *Jefferson v. Gene's Used Cars*, 295 S.C. 317, 318, 368 S.E.2d 456, 456 (1988))).

Finally, the circuit court's order was not immediately appealable under section 14-3-330(2). *See* § 14-3-330(2) (providing for appellate jurisdiction to review an "order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial[,] or (c) strikes out an answer or any part thereof or any pleading in any action"); *Breland v. Love Chevrolet Olds, Inc.*, 339 S.C. 89, 93, 529 S.E.2d 11, 13 (2000) ("Generally [section 14-3-330(2)] has only been used when the [circuit court] order affected the 'mode of trial' because if those orders are not immediately appealed, no appellate

review is available to correct any error.").  Accordingly, we dismiss this appeal because the circuit court's order was not immediately appealable.

**DISMISSED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**