# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Thomas J. Torrence, #094651, Respondent,

v.

South Carolina Department of Corrections, Petitioner.

Appellate Case No. 2019-001490

———————

Appeal from Richland County
Deborah Brooks Durden, Administrative Law Judge

———————

Opinion No. 28017
Submitted November 16, 2020 – Filed March 24, 2021

———————

## REVERSED AND REMANDED

———————

Thomas J. Torrence, of Pelzer, Pro Se.

Lake E. Summers, of Malone, Thompson, Summers &
Ott LLC, of Columbia, for Respondent.

———————

**JUSTICE KITTREDGE**: We confront the often perplexing challenge of
determining whether an order of the Administrative Law Court (ALC) that
includes a remand to a state agency is a final decision and thus appealable.
Petitioner South Carolina Department of Corrections (SCDC) appealed from an
adverse ruling rendered by the ALC. The court of appeals dismissed the appeal as
interlocutory, citing *Charlotte-Mecklenburg Hospital Authority v. South Carolina
Department of Health & Environmental Control*.[1] *See Torrence v. S.C. Dep't of*

———————

[1] 387 S.C. 265, 266, 692 S.E.2d 894, 894 (2010).

*Corr.*, Op. No. 2018-UP-432 (S.C. Ct. App. filed Nov. 28, 2018). We granted a writ of certiorari. For the reasons explained below, we find the order of the ALC was a final decision notwithstanding the remand to SCDC. We therefore reverse and remand to the court of appeals to address the merits of SCDC's appeal.

## I.

Before discussing the appealability question in this case, we believe it may be helpful to provide some general guidance in this difficult area. There are aspects of appealability that arise in ALC decisions but not in decisions from the circuit and family courts. The ALC is part of the Executive Branch. The ALC resolves disputes from state agencies, which are, of course, Executive Branch agencies. Beyond the statutory requirement for a final decision, respect for separation of powers demands that judicial review of an administrative decision not occur until the decision of the ALC is truly final. It is often challenging to determine when a seemingly interlocutory order is, in fact, a final decision and thus appealable. It is our hope today to provide some clarity.

We start with the general proposition that where an ALC order includes a remand to an administrative agency, there is no final judgment in the vast majority of situations. The case before us today presents an exception to the typical situation, in that—despite the presence of a remand—the ALC's decision was, in fact, final. This is so because the ALC ruled as a matter of law on the dispositive issues and granted the claimant the very relief he sought. The remand left the agency with no further discretion or decision to make. The remand merely ordered the agency to award the claimant a sum-certain based on a defined methodology determined by the ALC. Under these circumstances, the remand may be viewed as ministerial, for the ALC determined the rights of the parties with finality. As we have in the past, we again refer to our decision in *Charlotte-Mecklenburg* as a leading case that succinctly describes with precision what is required for a final judgment in this area.

Importantly, the question of appealability often presents a critical timing quandary for litigants and the practicing bar. If a party believes that an order from the ALC that includes a remand may be a final judgment, is the aggrieved party required to test the appellate waters by filing an appeal lest it risk losing the right to challenge the decision of the ALC? The answer is no. Where a remand to the agency is ordered, yet it is believed the order of the ALC finally determines the rights of the parties and constitutes a final judgment, the aggrieved party may allow the remand to conclude without forfeiting its right to appeal. Take this case as an example: if

the ALC-mandated award was entered on remand for Respondent, SCDC would have retained its right to challenge that award on appeal.

We understand that parties facing an agency remand will often pursue an appeal for fear of losing the right to challenge the ALC's decision. While we agree with SCDC here due to the circumstances presented, the better approach when facing a remand is to conclude the remand before pursuing an appeal.

We now turn our attention to the case at hand.

## II.

Respondent Thomas J. Torrence is an inmate with SCDC. As a prisoner, Respondent participated in the private sector prison industries program, and he claims he was not paid the wages required by law. Section 24-3-430 of the South Carolina Code (2007) provides that inmates must receive the "prevailing wage" for their salaries while employed in the private sector. The federal framework, on which our state law is based, requires that inmates "receive[] wages at a rate which is not less than that paid for work of a similar nature in the locality in which the work [is] performed." 18 U.S.C. § 1761(c)(2) (2012). The guidelines state that the prevailing wage for an employee must be obtained from the state agency that calculates average wage rates. Respondent contends that he did not receive the prevailing wage while employed by ESCOD, Inc., which participated in the program as a private industry sponsor.

Throughout the administrative process,[2] there were two disputed primary issues— whether Respondent was an employee of ESCOD and, if so, what was the prevailing wage at the time Respondent was employed there. SCDC denied Respondent's claim at every step of the grievance process. The ALC reversed and remanded the matter to SCDC.

It appears the mere presence of the remand to SCDC formed the basis of the court of appeals' decision to dismiss the appeal as interlocutory. Section 1-23-610(A)(1) of the South Carolina Code (Supp. 2019) provides that judicial review may only be sought from a final decision of the ALC. In most instances, the court of appeals would be correct to assume that a remand to an administrative agency would preclude an appeal of an ostensibly interlocutory order. But here, upon careful review, we conclude the order of the ALC is a final judgment.

---

[2] *See Al-Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000).

## III.

Respondent asserted, and SCDC disputed, he was an employee of ESCOD. The ALC determined Respondent was an employee of ESCOD as a matter of law, finding he "performed [labor] for ESCOD." The ALC further concluded that Respondent "must be paid the mean average South Carolina wage of an electronic assembler, including overtime, for the years he worked as a harness assembler for ESCOD." Additional findings from the ALC order further confirm SCDC's contention that the ALC order constitutes a final judgment, including:

> Specifically, [SCDC] must pay [Respondent] the mean average wage reflected by OEC Code 93114 for the years 1997 through 1999 and the mean average wage reflected by that code or its counterpart for the years data is not contained in the record [and] IT IS FURTHER ORDERED that [SCDC] disburse, in accordance with Section 24-3-40, the difference between the amounts previously disbursed and the prevailing wage. This disbursement should be done immediately upon determination of the prevailing wage, but not later than July 1, 2016.[3]

SCDC asserts it has numerous factual and legal challenges to the decision of the ALC, and the remand mandates, with no agency discretion, the exact relief sought by Respondent. SCDC specifically disputes (1) that Respondent was an employee for purposes of the applicable law, and (2) the method of computing Respondent's wages mandated by the ALC. SCDC correctly views the ALC order as a final judgment and the remand to the agency as essentially ministerial to execute the judgment ordered by the ALC. SCDC finds support for its position in the analysis and discussion set forth in *Charlotte-Mecklenburg*.

## IV.

In *Charlotte-Mecklenburg*, parties competed for a "certificate of need" with the South Carolina Department of Health and Environmental Control (DHEC). 387 S.C. at 266, 692 S.E.2d at 894. DHEC made an initial certificate of need

---

[3] The ALC order includes a footnote which purports to "decline[] to address" Respondent's status as an employee. The presence of the confusing footnote does not alter the result on appealability, for the unmistakable award to Respondent of a defined method for calculating the prevailing wage removes any question that the ALC ruled with finality in favor of Respondent on the employee question.

determination that was appealed to the ALC.  The ALC ruled "DHEC erroneously interpreted the State Health Plan to allow only existing providers to obtain a certificate of need.  Based on this finding, the ALC remanded the matter to DHEC to determine whether any of the applicants were entitled to the certificate of need." *Id*. at 267, 692 S.E.2d at 895.  On appeal, we recognized that "a final determination as to the certificate of need has not been made" and held the order of the ALC was "interlocutory and [] not a final decision [that could be] immediately appeal[ed] under section 1-23-610." *Id*.

In analyzing appealability, we critically noted that "*[i]f there is some further act which must be done by the court prior to a determination of the rights of the parties*, the order is interlocutory." *Id*. (emphasis added) (citing *Hooper v. Rockwell*, 334 S.C. 281, 513 S.E.2d 358 (1999); *Mid-State Distribs., Inc. v. Century Imps., Inc.*, 310 S.C. 330, 426 S.E.2d 777 (1993); *Adickes v. Allison & Bratton*, 21 S.C. 245 (1884)).  Because the order of the ALC left the decision and final determination as to the certificate of need with the administrative agency, we held the order of the ALC was interlocutory and not final.  *Id*.

*Charlotte-Mecklenburg* cited to the case of *Adickes v. Allison & Bratton*, 21 S.C. at 245.  Our decision in *Adickes* in 1884 did not, of course, concern an administrative agency or administrative appeal, yet it is instructive today in distinguishing between a final judgment and one that is interlocutory.  In *Adickes*, this Court found that a judgment was final although "there was some further act to be done." *Id*. at 259.  We noted that "[n]othing was lacking but a calculation of the interest, which was not necessary; but if so, being a mere clerical matter, it was referred to the officer of the court, whose duty it was to enter the formal judgment of the court." *Id*.  As to the argument that the judgment was not final, we noted the "objection really goes to the form rather than the substance." *Id.*

*Adickes* provides an example of a final judgment that nonetheless requires an additional "act to be done."  In the case before us, the "act to be done" is a calculation of the prevailing wage for Respondent as an employee pursuant to the mandated formulation and method set forth in the ALC order.  As in *Adickes*, the remand may be viewed as ministerial or clerical, for SCDC was divested of any agency discretion; rather, it was SCDC's sole duty to enter the judgment as ordered by the ALC.  Thus, here, the ALC "determin[ed] the rights of the parties" with finality.  *Charlotte-Mecklenburg*, 387 S.C. at 267, 692 S.E.2d at 894.

## V.

We therefore reverse the dismissal of the appeal as interlocutory and remand to the court of appeals to address the merits of SCDC's appeal. Finally, we reiterate our preference going forward that parties in an ALC proceeding allow a remand to the agency to conclude before pursuing an appeal.

**REVERSED AND REMANDED.**

**BEATTY, C.J., HEARN, FEW and JAMES, JJ., concur.**