**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Armando J. Acevedo, through his Attorney-In-Fact, Marianne Acevedo, Respondent,

v.

Hunt Valley Holdings, LLC; THI of South Carolina, LLC; and THI of South Carolina at Camp Care, LLC, d/b/a Lake Emory Post Acute Care, Appellants.

Appellate Case No. 2020-001146

---

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-281
Submitted June 1, 2023 – Filed August 2, 2023

---

**AFFIRMED**

---

Stephen Lynwood Brown, Russell Grainger Hines, and Donald Jay Davis, Jr., all of Clement Rivers, LLP, of Charleston, for Appellants.

Gary W. Poliakoff and Raymond Paul Mullman, Jr., both of Poliakoff & Assoc., PA, of Spartanburg; Jordan Christopher Calloway, of McGowan Hood Felder & Phillips, of Rock Hill; Patrick E. Knie, of Knie & Shealy

Attorneys at Law, of Spartanburg; and Edward John Waelde, of Greenville, all for Respondent.

---

**PER CURIAM:** Hunt Valley Holdings, LLC (HVH); THI of South Carolina, LLC (THI); and THI of South Carolina at Camp Care, LLC d/b/a Lake Emory Post Acute Care (the Facility; collectively, Appellants) appeal the circuit court's order denying their motion to compel arbitration, motion to dismiss, and motion to stay. Appellants argue the circuit court erred by finding (1) the at-issue arbitration agreement (Arbitration Agreement) lacked consideration and mutuality; (2) the Arbitration Agreement lacked material terms; (3) the Arbitration Agreement was unconscionable; and (4) the Facility was insufficiently named in the Arbitration Agreement. Appellants further argue that to the extent HVH must seek to address it on appeal, the circuit court erred by ruling on HVH's motion to dismiss for lack of personal jurisdiction after the motion had been withdrawn with the consent of Armando J. Acevedo, through the consent of his wife and Attorney-in-Fact, Marianne Acevedo. We affirm.

1. We hold the health care power of attorney document (HCPOA) did not give Marianne authority to execute the Arbitration Agreement on Acevedo's behalf. *See* Rule 220(c), SCACR (explaining this court may affirm "upon any ground(s) appearing in the Record on Appeal"); *Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) (explaining an "[a]ppeal from the denial of a motion to compel arbitration is subject to de novo review"); *Stokes v. Metro. Life Ins. Co.*, 351 S.C. 606, 609-10, 571 S.E.2d 711, 713 (Ct. App. 2002) ("However, the circuit court's factual findings will not be overruled if there is any evidence reasonably supporting them."); *Arredondo v. SNH SE Ashley River Tenant, LLC*, 433 S.C. 69, 80-84, 856 S.E.2d 550, 556-58 (reviewing an identical authorization provision of a healthcare power of attorney document and finding the authorization did not grant the patient's daughter authority to grant the waivers recited in an arbitration agreement because the authorization was limited to action "necessary" concerning the patient's healthcare and the patient's daughter was not required to sign the agreement), *cert. denied*, 142 S. Ct. 584 (2021); *id.* at 84-85, 856 S.E.2d at 558-59 (holding the healthcare power of attorney document did not grant the patient's daughter the authority to execute the arbitration agreement because the "pursuing any legal action" language in the healthcare power of attorney document was in the context of forcing compliance with the patient's wishes and daughter did not

execute the arbitration agreement in connection with an existing claim against the facility).  Here, as in *Arredondo*, Appellants acknowledge "the Arbitration Agreement was not a precondition of admission."  Thus, Marianne's signature on the Arbitration Agreement was not necessary to Acevedo receiving care at the Facility.  Here, also as in *Arredondo*, Marianne did not execute the Arbitration Agreement in connection with an existing claim against the Facility, as the document was executed on the day of Acevedo's admission and prior to his fall.  Thus, Marianne did not execute the Arbitration Agreement in the pursuit of legal action in the context of forcing compliance with Acevedo's wishes.  Accordingly, we conclude the HCPOA did not give Marianne authority to grant the waivers recited in the Arbitration Agreement; we, therefore, affirm the denial of the motion to compel arbitration.

As a result of our finding Marianne lacked authority to enter the Arbitration Agreement on Acevedo's behalf, we need not address Appellants' remaining issues regarding the Arbitration Agreement.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).  Likewise, we dismiss the appeal of the circuit court's denial of THI's motion to stay as moot.  *See Sloan v. Greenville County*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("An appellate court will not pass judgment on moot and academic questions; it will not adjudicate a matter when no actual controversy capable of specific relief exists.  A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy." (citation omitted)).

2.  Regarding HVH's motion to dismiss, we hold that the denial of a motion to dismiss is not immediately appealable; therefore, we decline to address this issue.  *See Mid-State Distribs., Inc. v. Century Imps., Inc.*, 310 S.C. 330, 336, 426 S.E.2d 777, 781 (1993) (explaining an order denying a motion to dismiss for lack of personal jurisdiction "is interlocutory and not directly appealable"); *McLendon v. S.C. Dep't of Highways and Pub. Transp.*, 313 S.C. 525, 526 n.2, 443 S.E.2d 539, 540 n.2 (1994) ("Like the denial of a motion for summary judgment, the denial of a motion to dismiss does not establish the law of the case and the issue raised by the motion can be raised again at a later stage of the proceedings.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**