**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Anna Coggeshall; Bryan Coggeshall; and Katherine Coggeshall, Respondents,

v.

William Bertram von Herrmann and The Von Herrmann Law Firm, Petitioners.

Appellate Case No. 2024-002048

———

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

———

Appeal From Horry County
The Honorable Kristi F. Curtis, Circuit Court Judge

———

Memorandum Opinion No. 2025-MO-029
Submitted January 29, 2025 – Filed February 19, 2025

———

**REVERSED AND REMANDED**

———

Douglas Walker MacKelcan, III and Skyler Cole Wilson, both of Copeland, Stair, Valz & Lovell, LLP, of Charleston, for Petitioners.

Richard Giles Whiting, of Law Offices of Richard Whiting, of Columbia; Kenneth Ray Moss, of Wright, Worley, Pope, Ekster & Moss, of North Myrtle Beach;

Robert E. Lee, of Robert E. Lee, LLC, of Marion; and Steven Marc Abrams, of Abrams Cyber Law & Forensics, LLC, of Sullivan's Island, for Respondents.

————————

**PER CURIAM:**  Respondents commenced a civil action against Petitioners, an attorney and his law firm, asserting violations of the South Carolina Homeland Security Act (the Act)[1] and theories of invasion of privacy, wrongful intrusion, and outrage for the use and disclosure of Respondents' electronic communications that Petitioners were provided by their client.  Petitioners moved to dismiss on the theory the common law attorney immunity doctrine barred the claims against them. *See Gaar v. North Myrtle Beach Realty Co., Inc.*, 287 S.C. 525, 524, 339 S.E.2d 887, 889 (Ct. App. 1986) ("[A]n attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of the client.").  The circuit court dismissed all of the claims except the claim under the Act, finding the attorney immunity doctrine inapplicable to claims brought under the Act.  The circuit court further directed that Petitioners could not "assert the attorney-immunity defense going forward."

Petitioners appealed, and the court of appeals dismissed the appeal as interlocutory. Among other things, the court of appeals cited *McLendon v. S.C. Dep't of Highway & Pub. Transp.*, 313 S.C. 525, 526, 443 S.E.2d 539, 540 (1994), for the proposition that "the denial of a motion to dismiss is not immediately appealable under section 14-3-330" of the South Carolina Code (2017) because the denial of a motion to dismiss "does not establish the law of the case[,] and the issue raised by the motion can be raised again at a later stage of the proceedings." *Coggeshall v. Bertram von Herrmann*, S.C. Ct. App. Order dated Aug. 14, 2024.

Under section 14-3-330(1), a party can immediately appeal "[a]ny intermediate judgment, order[,] or decree in a law case involving the merits."  Additionally, under section 14-3-330(2), an immediate appeal is permissible when an order affects "a substantial right made in an action," including by striking out "an answer or any part thereof or any pleading in any action."  These provisions are not exclusive, and a given ruling may fall within the confines of both. *See Link v. School Dist. of Pickens Cnty.*, 302 S.C. 1, 6, 393 S.E.2d 176, 178 (1990).

Although the denial of a motion to dismiss is ordinarily not appealable, the partial order of dismissal in the instant case had the effect of finally determining a

---

[1] S.C. Code Ann. §§ 17-30-10 to -145 (2014).

substantial matter forming Petitioners' intended defense because it found Petitioners were precluded from raising the attorney-immunity defense going forward. *See Mid-State Distribs., Inc. v. Century Imps., Inc*, 310 S.C. 330, 334, 426 S.E.2d 777, 780 (1993) (explaining that an order involves the merits when it finally determines some substantial matter forming the whole or a part of some cause of action or defense); *Thornton v. S.C. Elec. & Gas Corp.*, 391 S.C. 297, 303, 705 S.E.2d 475, 479 (Ct. App. 2011) ("[A]n appellate court should look to the effect of an interlocutory order to determine its appealability[.]"). Furthermore, the order effectively struck Petitioners' defense, thereby rendering it appealable under section 14-3-330(2) as well. *See Edwards v. SunCom*, 369 S.C. 91, 94, 631 S.E.2d 529, 530 (2006) ("Orders affecting a substantial right 'discontinue an action, prevent an appeal, grant or refuse a new trial, or strike out an action or defense'" and are immediately appealable (quoting *Mid-State Distribs., Inc.*, 310 S.C. at 335 n.4, 426 S.E.2d at 780 n.4)).

Accordingly, we grant the petition for a writ of certiorari, dispense with briefing, reverse the court of appeals' order dismissing the appeal as interlocutory, and remand the matter to the court of appeals for consideration of the merits of the appeal.

**REVERSED AND REMANDED.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**