THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Brenda R. Babb, Petitioner,
v.
The Estate of Charles L. Watson and Eleanor G. Watson and Pamela A. Watson
Fehlig, as personal representatives of the estate of Charles L. Watson, and CLW Investments, Inc., d/b/a Salt Marsh Cove, and Wilbur M.
McLamb, individually, Little River Campground, Inc., and Carl Meares, individually,
Respondents.
 
 
 

ON WRIT OF CERTIORARI
TO THE COURT OF APPEALS

Appeal From Charleston County
 Daniel F. Pieper, Circuit Court Judge

Memorandum Opinion No.  2006-MO-030 
Submitted September 19, 2006  Filed October 9, 2006 

REVERSED AND REMANDED

 
 
 
James B. Van Osdell, and Charles B. Jordan, Jr., both of Van Osdell, Lester, Howe & Jordan, P.A., of Myrtle Beach, for Petitioner.
Stephan Victor Futeral, of Futeral & Brookshire, LLC, of Mt. Pleasant, for Respondents.
 
 
 

PER CURIAM:  Petitioner has filed a petition asking this Court to review the Court of Appeals decision in Babb v. Est. of Watson, et al., S.C. Ct. App. Orders dated November 4, 2004, and May 24, 2005.  We grant the petition, dispense with further briefing, reverse the Court of Appeals, and remand to proceed with the appeal.
FACTUAL/PROCEDURAL BACKGROUND
In the underlying action, petitioner alleged civil conspiracy, unjust enrichment, negligence and gross negligence, breach of fiduciary duty, and fraud, constructive fraud, deceit, and misrepresentation by respondents.  In their answer, respondents sought a declaratory judgment by way of counterclaim that petitioner was not a shareholder in Little River Campground, Inc. (hereinafter LRCG, Inc.), and should be barred from claiming any ownership interest in LRCG, Inc.  In a bifurcated trial, the trial judge determined petitioner had voluntarily and intentionally relinquished her interest in LRCG, Inc.  Petitioner filed a Rule 59(e), SCRCP, motion for the trial judge to alter or amend his order.  The trial judge denied petitioners motion.
Petitioner appealed the trial judges order to the Court of Appeals.  Respondents moved to dismiss the appeal as interlocutory.  The Court of Appeals granted the dismissal, stating that a fundamental rule of appellate procedure is that a judgment or order must be final before it can be appealed.
ISSUE
Did the Court of Appeals err in dismissing petitioners appeal as
interlocutory?
DISCUSSION
Petitioner contends the Court of Appeals erred in dismissing her appeal as interlocutory.  Specifically, petitioner argues the Court of Appeals erred in dismissing her appeal because the trial judges order determining that she was not a shareholder in LRCG, Inc. was a final order involving the merits.
An order generally must fall into one of several categories set forth in S.C. Code Ann. §14-3-330 (1976) in order to be immediately appealable.  Hagood v. Sommerville, 362 S.C. 191, 607 S.E.2d 707 (2005).  These categories include:

(1) Any intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; provided, that if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from;
(2) An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action. 

S.C. Code Ann. §14-3-330.  This Court has defined involving the merits as a ruling which finally determines some substantial matter forming the whole or a part of some cause of action or defense.  Jefferson by Johnson v. Genes Used Cars, Inc., 295 S.C. 317, 368 S.E.2d 456 (1988).  An order may be appealable because it has the effect of striking out a pleading.  Link v. Sch. Dist. of Pickens County, 302 S.C.1, 393 S.E.2d 176 (1990).                   
Petitioners appeal involved the merits of the underlying action.  The trial judges determination that petitioner had waived her interest in LRCG, Inc. had the effect of striking part of petitioners pleadings.  Petitioner alleged breach of fiduciary duty by respondents.  The trial judges order had the effect of declaring that a fiduciary relationship could not exist between petitioner and respondents as minority and controlling shareholders, respectively, because the judges order declared petitioner was not a shareholder.  Therefore, the effect of the trial judges order was to strike petitioners cause of action for breach of fiduciary duty.  
Additionally, petitioner had alleged in her complaint civil
conspiracy occurred within the relationship of shareholders, unjust enrichment occurred because respondents failed to honor the commitment to purchase property for the benefit of shareholders, respondents acted negligently and grossly negligent in intentionally and voluntarily choosing to ignore their duties and responsibilities to LRCG, Inc., and respondents were guilty of fraud, deceit, and misrepresentation because respondents represented to petitioner that they would act as exclusive agents for shareholders and actively seek property to be purchased by and for the benefit of all shareholders.  By declaring petitioners status as a non-shareholder of LRCG, Inc., the trial judge effectively struck petitioners entire complaint against respondents. 
Further, the Uniform Declaratory Judgments Act states that declaratory judgments have the force and effect of a final judgment or decree.  S.C. Code Ann. §15-53-20.  Appeal may be taken from any final judgment or appealable order.  Rule 72,
SCRCP. 
Therefore, we reverse the Court of Appeals dismissal of the appeal as interlocutory and remand to proceed with the appeal. 
 REVERSED AND REMANDED. 
 TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.