21243

</div>

Beverly W. ROGERS, Respondent, v. Chilton M. WILKINS, Appellant. Chilton M. WILKINS, Appellant, v. Beverly W. ROGERS, Respondent. Chilton M. WILKINS, Appellant, v. Beverly W. ROGERS, Respondent.

<div align="center">

(267 S. E. (2d) 86)

</div>

*Chilton M. Wilkins, pro se.*

*F. Lee Prickett, Jr.,* St. Matthews, *for respondent.*

May 28, 1980.

*Per Curiam:*

This appeal is from an order denying appellant Chilton M. Wilkins' motion that the trial judge disqualify himself from further participation in these proceedings.[1] We affirm.

The denial of a motion that the presiding judge disqualify is, in the absence of statutory provision to the contrary, generally treated as an interlocutory decision not directly appealable. See 4 Am. Jur. (2d) *Appeal and Error,* § 88, 46 Am. Jur. (2d) *Judges,* § 222. This Court has never met the issue of the appealability of such an order.

There is no statutory remedy provided by our Code of Laws for the direct appeal of this order. Nor does appellant seek relief by way of petition for writ of mandamus.[2] See annotation, 45 A. L. R. (2d) 937. Although respondent did not raise the issue we view this decision as interlocutory and,

---

[1] The three cases combined on appeal were consolidated for trial by stipulation of the parties.

[2] No opinion is expressed or implied with regard to the availability of this extraordinary remedy in a matter such as this, however.

accordingly, hold such orders hereafter reviewable only on appeal from final judgment.

The foregoing notwithstanding, we have reviewed the record and conclude the appeal has no merit.

Appellant contends the trial judge is required to step down by Canon 3(C)(1)(d)(i) of our Code of Judicial Conduct, which provides:

(C) Disqualification.

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

(d) he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) is a party to the proceeding, or an officer, director, or trustee of a party;

Rule 33, Supreme Court Rules of Practice.

Appellant brought a Title 42 U. S. C. § 1983 action against the trial judge herein and other members of the South Carolina judiciary and bar in federal district court. The case was dismissed as to Judge Eltzroth and the decision affirmed on appeal to the Fourth Circuit Court of Appeals. *Wilkins v. Rogers*, 581 F. (2d) 399 (4th Cir. 1978). Appellant argues that independent proceedings, standing alone, disqualifies the trial judge from participating in these combined actions. We hold it does not.

Canon 3 strictly prohibits a judge from presiding over matters in which he or she, his or her spouse or close kin is a party. But Judge Eltzroth is not a party to the instant proceedings, nor does the record show anyone related to him is a party. Furthermore, there is an absence of independent evidence of bias or prejudice as a result of the § 1983 action. Since this record is totally void of such evidence, it was not error to deny the motion on this ground.

The remaining arguments are either improperly before us or without merit. No error of law appears and a full written opinion would have no precedential value. We therefore affirm under our Rule 23.

Accordingly, the order of the lower court is affirmed.

Affirmed.