Elaine K. HUDSON, Appellant v. Thomas R. HUDSON, Respondent.
(349 S. E. (2d) 341)

Supreme Court

Oct. 7, 1986.

### ORDER

Appellant moves to remand this case to the Family Court to consider post-trial motions filed under Rule 59, SCRCP. Respondent moves to dismiss the appeal. Both motions are denied.

The order under appeal was filed on March 18, 1986 and a Notice of Appeal was served on March 24, 1986. On March 27, 1986, the appellant filed post-trial motions under Rule 59(e). These post-trial motions were timely under Rule 59(e), unless the Notice of Appeal filed three (3) days earlier

deprived the trial court of jurisdiction to hear the motions. We hold that it did not.

This Court has previously held that a Notice of Appeal filed on the same day as post-trial motions does not deprive the trial court of jurisdiction to hear the motions. *Wicker v. Anderson County*, 347 S. E. (2d) 96 (S. C. 1986); *Otten v. Otten*, 287 S. C. 166, 337 S. E. (2d) 207 (1985). We now hold that the service and filing of a Notice of Appeal before the filing of timely post-trial motions under Rule 59 by any party does not deprive the lower court of jurisdiction to consider the motions.

IT IS ORDERED that in the event timely post-trial motions are filed under Rule 59, simultaneously with or subsequent[1] to the filing of a Notice of Appeal, the appellant shall notify the Clerk of this Court in writing. Upon receipt of such notice, the appeal shall be dismissed without prejudice. Any party can appeal within ten (10) days after the order disposing of the post-trial motions. A second filing fee will not be collected from a party who previously appealed.

Remand in this case is unnecessary since the trial court properly found he had jurisdiction and has already ruled on the post-trial motions.

This order shall be published with the opinions of this Court.

---

[1] This case does not present the situation where post-trial motions are filed before a Notice of Appeal. However, it is clear from our holding in *Otten* that a Notice of Appeal need not be filed so long as post-trial motions are pending.