23980

The STATE, Respondent v. Carl Joseph CHISOLM, Appellant.

(439 S.E. (2d) 850)

Supreme Court

*Asst. Appellant Defender Tara Dawn Shurling* of *South Carolina Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Asst. Atty. Gen. Rakale B. Smith,* Columbia, and *Sol. David P. Schwacke,* North Charleston, *for respondent.*

Heard Dec. 7, 1993.

Decided Jan. 10, 1994.

FINNEY, Justice:

Appellant appeals the trial court's denial of his pretrial motion to disqualify the Ninth Circuit Solicitor's Office. We affirm.

## FACTS

Appellant was arrested and confined without bond on the charge of murder. While in jail, appellant called the assistant solicitor assigned to prosecute his case. Appellant was then represented by counsel and had been given the Miranda warnings. The assistant solicitor established at the outset of the conversation that he was the prosecutor and that appellant had an attorney. Appellant stated that he understood the prosecutor's role and wanted to continue the conversation. The assistant solicitor recorded the telephone conversation without appellant's knowledge. During the twenty-three-minute conversation, appellant denied committing the murder.

Three days later, the assistant solicitor told appellant's counsel about the conversation and gave her the tape. The assistant solicitor later asked counsel if appellant preferred that

he be removed from the case. Appellant's counsel wrote a letter to appellant identifying the ramifications of the appellant communicating with the prosecutor handling his case. Counsel also discussed the concerns pertaining to the recording of the conversation without appellant's permission. Appellant signed the letter expressing his consent for the solicitor to continue on the case.

No further objection was raised regarding the solicitor remaining on the case until four months later. A week before trial, appellant asserted his desire to have the assistant solicitor and solicitor's office recused from his case. A hearing was held and the motion was denied. The trial judge found that under the circumstances of this case, the solicitor's actions did not rise to the level of prosecutorial misconduct to require disqualifying the solicitor's office from prosecuting the case. During the trial of this case, there was no mention of the prior communication between appellant and the prosecutor. The tape recording was not introduced or referenced during the trial. Appellant was subsequently convicted of murder.

## DISCUSSION

Appellant argues that the trial court should have disqualified the Ninth Circuit Solicitor's office from prosecuting his case because the assistant solicitor violated principles of Professional Responsibility. Appellant asserts the solicitor violated Rule 4.2, Rules of Professional Conduct, Rule 407, SCACR, by communicating with a party known to be represented by counsel. Additionally, appellant asserts the assistant solicitor is guilty of ethical misconduct by secretly taping the conversation without appellant's consent. Because of such alleged ethical improprieties, appellant contends he was denied fair and evenhanded treatment by the solicitor's office. In appellant's view, the unfairness was evidenced by the absence of plea negotiations by the prosecutor.

According to appellant's trial counsel, the solicitor refused to negotiate any plea agreement as long as appellant continued his assertion of innocence. Appellant has no constitutional right to plea bargain. *Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed. (2d) 30 (1977). Appellant argues that he was unfairly denied the opportunity to plead to voluntary manslaughter. Appellant continued to deny that he

was present at the time of the murder and attempted to implicate someone else as the perpetrator. It is our view that it was not unreasonable for the solicitor to decline plea negotiations given the overwhelming evidence against the appellant. *Id.* (prosecutor need not plea bargain if he prefers to go to trial). Appellant offers no other evidence of prejudice.

We find that the assistant solicitor acted inappropriately by communicating with a party known to be represented by counsel and by surreptitiously tape recording the conversation. However, in view of the full record before the Court, we do not find any prejudice. Appellant must show actual prejudice from the failure to disqualify the solicitor's office. *State v. Smart,* 278 S.C. 515, 299 S.E. (2d) 686 (1982).

Affirmed.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.