693 S.E.2d 923

The STATE, Appellant,

v.

Henry Lee WILSON, Respondent.

No. 26823.

Supreme Court of South Carolina.

Heard April 21, 2010.
Decided May 24, 2010.
Rehearing Denied June 24, 2010.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General S. Creighton Waters, all of Columbia; and Solicitor C. Kelly Jackson, of Sumter, for Appellant.

Deputy Chief Appellate Defender Wanda H. Carter, of South Carolina Commission on Indigent Defense, of Columbia, for Respondent.

Justice BEATTY.

The State appeals from a circuit court order granting the defendant's motion for disqualification of an assistant solicitor. We hold an order granting a motion for disqualification of an assistant solicitor is an interlocutory order that is not directly appealable by the State, and we dismiss the appeal.

## I.

The defendant in this case, Henry Lee Wilson, was charged with the murder of his ex-wife, Lucille Wilson, as well as one count each of first-degree burglary and possession of a firearm during the commission of a violent crime and three counts of assault with intent to kill.

An assistant solicitor in Clarendon County was assigned to prosecute the case. Defense counsel for Wilson moved to disqualify the individual assistant solicitor [1] based on the fact that the husband of the assistant solicitor had represented Wilson in his divorce from the murder victim just sixteen months before the alleged murder, and the brother-in-law of the assistant solicitor had represented Wilson at his bond hearing on the criminal charges.

The circuit court granted the motion for disqualification. The State appeals from this pretrial order, arguing the circuit court applied an incorrect legal standard in granting the motion for disqualification.

## II.

"An appeal ordinarily may be pursued only after a party has obtained a final judgment." *Hagood v. Sommerville,* 362 S.C. 191, 194, 607 S.E.2d 707, 708 (2005) (citing *Mid–State Distribs., Inc. v. Century Imps., Inc.,* 310 S.C. 330, 335, 426 S.E.2d 777, 781 (1993); S.C.Code Ann. § 14–3–330(1) (1976); Rule 72, SCRCP; and Rule 201(a), SCACR).

"The right of appeal arises from and is controlled by statutory law." *Id.; N.C. Fed. Sav. & Loan Ass'n v. Twin States Dev. Corp.,* 289 S.C. 480, 481, 347 S.E.2d 97, 97 (1986).

---

1. Defense counsel did *not* move to disqualify the entire solicitor's office.

■ "The determination of whether a party may immediately appeal an order issued before or during trial is governed primarily by [section 14–3–330 of the South Carolina Code]." *Hagood,* 362 S.C. at 195, 607 S.E.2d at 708. "An order generally must fall into one of several categories set forth in that statute in order to be immediately appealable." *Id.*

Section 14–3–330 provides the following types of judgments, decrees, and orders are directly appealable:

(1) *Any intermediate judgment, order or decree* in a law case *involving the merits in actions commenced in the court of common pleas and general sessions,* brought there by original process or removed there from any inferior court or jurisdiction, *and final judgments in such actions* ...;

(2) *An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action,* (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action;

(3) A final order affecting a substantial right made in any special proceeding or upon a summary application in any action after judgment; and

(4) An interlocutory order or decree in a court of common pleas granting, continuing, modifying, or refusing an injunction or granting, continuing, modifying, or refusing the appointment of a receiver.

S.C.Code Ann. § 14–3–330 (1977 & Supp.2009) (emphasis added).

■ "The State may appeal a pretrial order if the order is appealable under [section 14–3–330]." *State v. Hill,* 314 S.C. 330, 331, 444 S.E.2d 255, 256 (1994) (finding orders setting bail for each defendant in a capital murder case were not appealable by the State because they "do not involve the merits, nor do the orders affect a substantial right which determines or discontinues the action"); *cf. State v. McKnight,* 287 S.C. 167, 337 S.E.2d 208 (1985) (concluding a pretrial order granting the suppression of evidence that significantly impaired the prosecution of the State's case could be directly appealed by the State under section 14–3–330(2)(a)).

■  In the current appeal, the disqualification order is not an order affecting the merits commenced in the court of common pleas or general sessions (subsection 1), it was not entered in a special proceeding (subsection 3), and it does not involve an injunction or a receiver in the court of common pleas (subsection 4), so the question arises as to whether the order falls within the ambit of subsection (2)(a), i.e., whether it is "[a]n order affecting a substantial right made in an action [and] ... in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action...." S.C.Code Ann. § 14–3–330(2)(a) (1977).

■  The provisions of section 14–3–330, including subsection (2), have been narrowly construed, and the immediate appeal of orders issued before or during trial generally has not been permitted. *Hagood,* 362 S.C. at 196, 607 S.E.2d at 709. "Piecemeal appeals should be avoided and most errors can be corrected by the remedy of a new trial." *Id.*

In a case of first impression, this Court concluded in *Hagood* that an order disqualifying a party's attorney in a *civil* case is immediately appealable as it affects a substantial right—the right of a party to have counsel of his or her choosing—and could effectively determine the case because it bears upon the attorney/client relationship. *Id.* at 197–98, 607 S.E.2d at 710.

We explained, "An order affects a substantial right and is immediately appealable when it '(a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action[.]'" *Id.* at 195, 607 S.E.2d at 709 (quoting S.C.Code Ann. § 14–3–330(2)).

After noting there is no clear majority view on the appealability of a disqualification order in a civil case,[2] we observed that the reasons most often cited for concluding such an order is immediately appealable "include (1) the importance of the party's right to counsel of his choice in an adversarial system; (2) the importance of the attorney-client relationship, which

---

**2.** *See generally* David B. Harrison, Annotation, *Appealability of State Court's Order Granting or Denying Motion to Disqualify Attorney,* 5 A.L.R.4th 1251 (1981 & Supp.2009).

demands a confidential, trusting relationship that often develops over time; (3) the unfairness in requiring a party to pay another attorney to become familiar with a case and repeat preparatory actions already completed by the preferred attorney; and (4) an appeal after final judgment would not adequately protect a party's interests because it would be difficult or impossible for a litigant or an appellate court to ascertain whether prejudice resulted from the lack of a preferred attorney." *Id.* at 197, 607 S.E.2d at 710.

We found this reasoning persuasive and "conclude[d] an order granting a motion to disqualify a party's attorney in a civil case affects a substantial right and may be immediately appealed under Section 14–3–330(2)." *Id.* In reaching this conclusion, we reasoned the right to be represented by an attorney of one's choosing could, in effect, determine the action, and it is closely related to the right to a particular mode of trial, which is an established substantial right:

> Such an order implicitly falls within the statutory definition of a substantial right under Section 14–3–330(2)(a). The right to be represented by an attorney of [one's] choosing is one of those rare orders which, in effect, could determine the action and prevent a judgment from which an appeal might be taken, or could discontinue an action due to the potential impact on both the attorney-client relationship and the overall litigation and trial of the case. Moreover, the right to be represented by [one's] preferred attorney is closely related to the right to a particular mode of trial, a well-established substantial right.
>
> Deprivation of the right to [one's] preferred attorney would affect the attorney-client relationship, which is extremely important in our adversarial system. Furthermore, an appeal after final judgment and a new trial, if granted, would not adequately protect a party's interests because it would be difficult or impossible for the affected party or the appellate court to ascertain by any objective standard whether prejudice resulted from the disqualification.

*Id.* at 197–98, 607 S.E.2d at 710.

█ We hold the policy implications present in *Hagood*, i.e., the right of a party to retain counsel of his or her choosing and the development of an attorney/client relationship, are not

compelling factors when considering the disqualification of an assistant solicitor. The reasons the Court articulated in *Hagood* as justification for allowing the direct appeal are not present here, as the State has no substantial right that has been invaded, and the State's ability to appeal has historically been limited in criminal matters.[3]

■ The appeals in which this Court has considered the issue of disqualification of either one solicitor or an entire solicitor's office have been appeals arising *after* the defendant's conviction, as they are in the posture of the defendant raising the issue as a ground for reversal. *See, e.g., State v. Patterson,* 324 S.C. 5, 482 S.E.2d 760 (1997); *State v. Chisolm,* 312 S.C. 235, 439 S.E.2d 850 (1994); *State v. Bell,* 374 S.C. 136, 646 S.E.2d 888 (Ct.App.2007), *cert. denied* (S.C. 2008). This is consistent with the general rule that a defendant may not appeal until after he is convicted and sentenced. *See State v. Miller,* 289 S.C. 426, 426, 346 S.E.2d 705, 705 (1986) ("In South Carolina, a criminal defendant may not appeal until sentence has been imposed."). We see no justification for extending different treatment to the State so as to allow direct appeal of this pretrial order.

## III.

We conclude a pretrial order disqualifying a prosecuting attorney in a criminal case is not directly appealable by the State. Consequently, the State's appeal from the circuit court order disqualifying an individual assistant solicitor is dismissed.

**APPEAL DISMISSED.**

---

3. The *denial* of a disqualification motion is not directly appealable as the ruling does not affect the merits or a party's substantial rights, nor does it effectively determine the action, and any error in the failure to grant the motion is more amenable to correction through the remedy of a new trial. *Cf. Townsend v. Townsend,* 323 S.C. 309, 312, 474 S.E.2d 424, 427 (1996) ("A denial of a motion for disqualification of a judge is an interlocutory order not affecting the merits and, thus, is reviewable only on appeal from a final order."); *Rogers v. Wilkins,* 275 S.C. 28, 29–30, 267 S.E.2d 86, 87 (1980) (stating the denial of a motion for a presiding judge to disqualify himself is "generally treated as an interlocutory decision" and "[t]here is no statutory remedy provided by our Code of Laws for the direct appeal of this order," and "hold[ing] such orders hereafter [are] reviewable only on appeal from final judgment").

TOAL, C.J., KITTREDGE and HEARN, JJ., concur.

PLEICONES, J., concurring in a separate opinion.

Justice PLEICONES, concurring.

I concur in the result reached by the majority, but write separately to reaffirm my view that an order disqualifying an attorney is never immediately appealable. *Hagood v. Sommerville*, 362 S.C. 191, 607 S.E.2d 707 (2005) (Pleicones, J., dissenting). I respectfully submit that policy does not provide a basis for construing S.C.Code Ann. § 14–3–330 (1976 & Supp.2009) differently in an appeal that originates in the court of general sessions from one taken from the court of common pleas.