738 S.E.2d 478

**ENERSYS DELAWARE, INC., Appellant,**

v.

**Tammy HOPKINS, Respondent.**

**Appellate Case No. 2011–193446.**

**No. 27225.**

Supreme Court of South Carolina.

Heard Jan. 10, 2013.

Decided Feb. 27, 2013.

William H. Floyd, III and Angus H. Macaulay of Nexsen Pruet, LLC, of Columbia, for Appellant.

George A. Harper, of Columbia, for Respondent.

Justice HEARN.

This case presents the question of whether the denial of a motion to disqualify an attorney is immediately appealable. We hold it is not and dismiss the case as interlocutory.

## FACTUAL/PROCEDURAL BACKGROUND

From 2002 through 2004, George Harper and his law firm at that time, Jackson Lewis, represented EnerSys Delaware, Inc. in a variety of employment and labor law matters. Harper served as EnerSys' attorney of record in at least five employment-related lawsuits during this time. However, the relationship between Jackson Lewis and EnerSys deteriorated in 2004 when EnerSys brought a malpractice claim against the firm based on some labor-related legal advice that it claimed resulted in fraudulent testimony.

In 2011, EnerSys filed this action against a former EnerSys employee, Tammy Hopkins, alleging six causes of action including breach of contract based on violations of the confidentiality agreement and various computer use policies and agreements, breach of the duty of good faith and fair dealing, and breach of contract accompanied by a fraudulent act. EnerSys claimed Hopkins had transmitted confidential information, including confidential payroll information, outside of EnerSys and to her personal e-mail account. When EnerSys learned that Hopkins had retained Harper to represent her, it moved to have him disqualified pursuant to Rule 1.9(a) of the Rules of Professional Conduct, Rule 407, SCACR. The circuit court denied the motion, concluding that Harper's previous assistance in developing EnerSys' litigation strategy was insufficient grounds upon which to disqualify him due to the dissimilarities of his previous representations and the current suit. EnerSys then filed this appeal.

## LAW/ANALYSIS

"The right of appeal arises from and is controlled by statutory law." *Hagood v. Sommerville,* 362 S.C. 191, 194, 607 S.E.2d 707, 708 (2005). Generally, a party may only appeal from a final judgment, and piecemeal appeals should be avoid-

ed because most errors can be corrected through a new trial. *Id.* at 194–195, 607 S.E.2d at 708. Whether an order issued prior to or during trial is immediately appealable is governed primarily by Section 14–3–330 of the South Carolina Code (1979 & Supp.2012). *Id.* at 195, 607 S.E.2d at 708.

Section 14–3–330 provides this Court with appellate jurisdiction over:

(1) Any intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; *provided*, that if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from;

(2) An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action;

(3) A final order affecting a substantial right made in any special proceeding or upon a summary application in any action after judgment; and

(4) An interlocutory order or decree in a court of common pleas granting, continuing, modifying, or refusing an injunction or granting, continuing, modifying, or refusing the appointment of a receiver.

Accordingly, an order must fall within one of the enumerated subsections to be immediately appealable. *State v. Wilson*, 387 S.C. 597, 600, 693 S.E.2d 923, 924 (2010).

In this appeal, the order does not affect the merits of the action; hence, subsection (1) would not apply. Similarly, the order was not made in a special proceeding and does not relate to an injunction or appointment of a receiver, and therefore, subsections (3) and (4) are likewise inapplicable. Thus, we must determine whether the order denying the disqualification of an attorney affects a substantial right such that the order is immediately appealable under subsection (2).

In *Hagood,* we considered as an issue of first impression whether an order *granting* a motion to disqualify counsel in a civil trial was immediately appealable. *Hagood,* 362 S.C. at 194, 607 S.E.2d at 708. We held that it is, finding such an order affected the substantial right of the party to have an attorney of one's choosing and was therefore appealable pursuant to section 14–3–330(2). *Id.* at 197–98, 607 S.E.2d at 710. In concluding the right to retain counsel of one's choosing is a substantial right for the purposes of appealability, we noted:

(1) the importance of the party's right to counsel of his choice in an adversarial system; (2) the importance of the attorney-client relationship, which demands a confidential, trusting relationship that often develops over time; (3) the unfairness in requiring a party to pay another attorney to become familiar with a case and repeat preparatory actions already completed by the preferred attorney; and (4) an appeal after final judgment would not adequately protect a party's interests because it would be difficult or impossible for a litigant or an appellate court to ascertain whether prejudice resulted from the lack of a preferred attorney.

*Id.* at 197, 607 S.E.2d at 710.

Then, in *Wilson,* we considered whether the grant of a defendant's motion to disqualify a solicitor was immediately appealable by the State. 387 S.C. at 599, 693 S.E.2d at 924. We held the pretrial order was not appealable and distinguished *Hagood,* noting that the policy considerations of the right of a party to retain counsel of his choosing and the development of an attorney-client relationship are not factors when considering the disqualification of an assistant solicitor. *Id.* at 602–03, 693 S.E.2d at 926.

As in *Wilson,* we find here that the policy considerations that drove our holding in *Hagood*—such as the right of having an attorney of one's choosing, the importance of the attorney-client privilege, and the unfairness of having to pay to bring a new attorney up to speed on the case—are not implicated. EnerSys contends the denial of this disqualification motion implicates its substantial right to a fair trial, arguing that if Harper shared confidences he learned through his prior representation, a new trial would not provide an adequate remedy. We disagree because in our view, this ostensible danger can be

redressed equally as well after trial as through an immediate appeal. Moreover, depending upon the outcome at trial, EnerSys may find an appeal is not necessary. We therefore find no substantial right has been affected by the order, and thus subsection (2) of section 14–3–330 is inapplicable. Accordingly, we hold an order denying a motion to disqualify an attorney is not immediately appealable.

## CONCLUSION

Based on the foregoing, we dismiss the appeal as interlocutory.

TOAL, C.J., PLEICONES, KITTREDGE, JJ., and Acting Justice JAMES E. MOORE, concur.