**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

TD Bank, N.A., Successor by merger to Carolina First Bank, Respondent,

v.

Farm Hill Associates, LLC, John H. Hofford, Michael R. Bennett, Hofford-Ocean Green, LLC, and Bennett-Ocean Green, LLC, Defendants,

Of Whom Farm Hill Associates, LLC, John H. Hofford, and Hofford-Ocean Green, LLC are the Appellants.

Appellate Case No. 2011-197966

--------

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

--------

Unpublished Opinion No. 2013-UP-118
Heard February 13, 2013 – Filed March 27, 2013
Withdrawn, Substituted and Refiled May 29, 2013

--------

**APPEAL DISMISSED**

--------

Shawn M. French, Sr., of The French Law Firm, LLC, of Lexington, for Appellants.

William C. Wood, Jr. and Brandon Keith Poston, both of
Nelson Mullins Riley & Scarborough, LLP, of Columbia,
for Respondent.

——————————

**PER CURIAM:**  Farm Hill Associates, LLC, John H. Hofford, and Hofford-Ocean Green, LLC (collectively, Appellants) argue the circuit court erred in referring this case to the master-in-equity because they demanded a jury trial in their answer.  Because we find this appeal is interlocutory, we dismiss it.

An order of reference in an action to foreclose a mortgage is not subject to an immediate appeal.  *N.C. Fed. Sav. & Loan Ass'n v. Twin States Dev. Corp.*, 289 S.C. 480, 481, 347 S.E.2d 97, 97 (1986).  Section 14-3-330 of the South Carolina Code (1997 & Supp. 2012) governs whether a party may immediately appeal an order issued before or during trial.  "An order generally must fall into one of several categories set forth in that statute in order to be immediately appealable." *State v. Wilson*, 387 S.C. 597, 600, 693 S.E.2d 923, 924 (2010) (internal quotation marks omitted).  "The provisions of section 14-3-330 . . . have been narrowly construed, and the immediate appeal of orders issued before or during trial generally has not been permitted."  *Id.* at 601, 693 S.E.2d at 925.  This order is not one "affecting a substantial right" as outlined in section 14-3-330(2).  *See Mid-State Distribs., Inc.* v. *Century Imps., Inc.*, 310 S.C. 330, 334 n.4, 426 S.E.2d 777, 780 n.4 (1993) (finding for an order to "affect a substantial right" pursuant to section 14-3-330(2), it must "discontinue an action, prevent an appeal, grant or refuse a new trial, or strike out an action or defense").  Nor was this a decision that involved the merits.  *Mid-State Distribs., Inc.*, 310 S.C. at 334, 426 S.E.2d at 780 (holding an order that "involves the merits" pursuant to section 14-3-330(1) "finally determine[s] some substantial matter forming the whole or a part of some cause of action or defense" (internal quotation marks omitted)).

The circuit court's order specifically stated, "[T]he [master], pursuant to Rule 53(b) of the South Carolina Rules of Civil Procedure, may return any or all issues triable of right by a jury to the circuit court."  At the time Appellants filed this appeal, the master had not yet ruled whether any issues need to be returned to the circuit court. We recognize that an order of reference that denies a party the right to a jury trial is directly appealable.  *Alston v. Limehouse*, 61 S.C. 1, 4, 39 S.E. 192, 193 (1901). However, because the master has not yet decided whether any or all issues are triable by jury as the circuit court instructed, Appellants have not been deprived of any right to a jury trial.  *See Fulmer v. Cain*, 380 S.C. 466, 470, 670 S.E.2d 652,

654 (2008) (holding "the mode of trial exception to the general rule that only final orders are appealable is confined to orders which abridge a party's constitutional right to trial by jury." (internal quotation marks omitted)).  Accordingly, this appeal is interlocutory.[1]  Therefore, we dismiss this appeal.

**APPEAL DISMISSED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**

---

[1] Once the master has made a ruling on whether Appellants are entitled to a jury trial, then Appellants may have a right to appeal if they assert that decision was incorrect.