**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

James A. Summersett, Respondent.

Appellate Case No. 2014-001419

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-293
Submitted April 1, 2016 – Filed June 15, 2016

**APPEAL DISMISSED**

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia, and Solicitor Scarlett Anne Wilson, of Charleston, for Appellant.

Tara Dawn Shurling, of Law Offices of Tara Dawn Shurling, PA, of Columbia, for Respondent.

**PER CURIAM:**  The State appeals the trial court's order vacating James A. Summersett's sentence of life without parole and granting a new sentencing hearing.  We dismiss the appeal as interlocutory.

Generally, "[j]udgment in a criminal case is not final until sentence is imposed." *State v. Robinson*, 287 S.C. 173, 173, 337 S.E.2d 204, 204 (1985).  In this case, Summersett's sentence has been vacated and a new sentencing hearing has been set; therefore, sentence has not been imposed and the order is not final.

The right to appeal an interlocutory order arises under statute.  *State v. Wilson*, 387 S.C. 597, 599-603, 693 S.E.2d 923, 924-26 (2010).  The State may appeal a pretrial order if the order is appealable under section 14-3-330 of the South Carolina Code.  *Id.* at 600, 693 S.E.2d at 924.  Under section 14-3-330, the following types of judgments, decrees, and orders are directly appealable:

> (1) Any intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions . . . . ; (2) An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial[,] or (c) strikes out an answer or any part thereof or any pleading in any action; (3) A final order affecting a substantial right made in any special proceeding or upon a summary application in any action after judgment; and (4) An interlocutory order or decree in a court of common pleas granting, continuing, modifying, or refusing an injunction or granting, continuing, modifying, or refusing the appointment of a receiver.

S.C. Code Ann. § 14-3-330 (1977 & Supp. 2015).

In the State's appeal in this case, the order vacating the sentence of life without parole was not entered in a special proceeding (subsection 3), does not involve an injunction or a receiver in the court of common pleas (subsection 4), and does not grant or refuse a new trial or strike a pleading (subsections 2b and 2c).  Thus, the

question is whether the order either involves the merits (subsection 1) or affects a substantial right and effectively determines the action and prevents a judgment from which an appeal might be taken (subsection (2)(a)).

An interlocutory order is immediately appealable under subsection (1) if it "involves the merits." "An order 'involves the merits,' . . . and is immediately appealable when it finally determines some substantial matter forming the whole or part of some cause of action or defense." *Ex parte Capital U-Drive-It, Inc.*, 369 S.C. 1, 7, 630 S.E.2d 464, 467 (2006). "The phrase 'involving the merits' is narrowly construed in modern precedent. An order usually will be deemed interlocutory and not immediately appealable when there is some further act that must be done by the trial court prior to a determination of the parties' rights." *Id.*, 369 S.C. at 7, 630 S.E.2d at 467-68.

An interlocutory order is immediately appealable under subsection (2)(a) if it affects a substantial right and the appellant cannot seek review of the current order in an appeal from the final judgment. *Peterkin v. Brigman*, 319 S.C. 367, 368, 461 S.E.2d 809, 810 (1995). Subsections 14-3-330(1) and (2) are not mutually exclusive provisions, and an interlocutory order may be appealable under both. *Link v. Sch. Dist. of Pickens Cnty.*, 302 S.C. 1, 6, 393 S.E.2d 176, 179 (1990). The provisions of section 14-3-330 "have been narrowly construed and immediate appeal of various orders issued before or during trial generally has not been allowed." *Hagood v. Sommerville*, 362 S.C. 191, 196, 607 S.E.2d 707, 709 (2005).

We find the order vacating Summersett's sentence and ordering a new sentencing hearing does not determine the matter with finality; thus, it is not appealable under subsection (1). We also find the State is not precluded from raising the issue on appeal after final sentencing. Thus, the order is not appealable under subsection (2)(a).

In *State v. Byars*, 79 S.C. 174, 174, 60 S.E. 448, 448 (1908), the State appealed the trial court's grant of a new trial to the defendant. Our supreme court stated the following:

> [W]e feel ourselves unable at this time to entertain a consideration of the questions now presented. This court is confined to a consideration of questions presented after a final judgment has been rendered. This is no new question to this court, for we have held that a final

judgment is essential in the hearing of an appeal.  The prisoner has never been sentenced.  The sentence is a final judgment.

*Id.*

Although Summersett was sentenced, that sentence was vacated, and there has been no final sentence imposed.  According, we dismiss the appeal as interlocutory.

**APPEAL DISMISSED.**[1]

**SHORT and THOMAS, JJ., and CURETON, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.