**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Russell L. Bauknight, as Trustee of the James Brown 2000 Irrevocable Trust and the James Brown Legacy Trust, as Personal Representative of the Estate of James Brown, and on behalf of Alan Wilson, in his capacity as Attorney General of the State of South Carolina; Tommie Rae Brown, individually and on behalf of her minor child, James B. II; Daryl J. Brown, individually and on behalf of his minor child, Janise B.; Lindsey Delores Brown; Deanna J. Brown Thomas; Jason Brown-Lewis; Yamma N. Brown, individually and on behalf of her minor children Sydney L. and Carrington L.; Tonya Brown; Venisha Brown; Larry Brown; and Terry Brown

And

Alan Wilson, in his capacity as Attorney General of the State of South Carolina; Tommie Rae Brown, individually and on behalf of her minor child, James B. II; Daryl J. Brown, individually and on behalf of his minor child Janise B.; Lindsey Delores Brown; Deanna J. Brown Thomas; Jason Brown-Lewis; Yamma N. Brown, individually and on behalf of her minor children Sydney L. and Carrington L.; Tonya Brown; Venisha Brown; Larry Brown; and Terry Brown, Respondents,

v.

Adele J. Pope and Robert L. Buchanan, Jr., Defendants,

Of whom Adele J. Pope is the Appellant.

Appellate Case No. 2017-001899

Appeal From Richland County
L. Casey Manning, Circuit Court Judge
Doyet A. Early, III, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-216
Submitted April 1, 2020 – Filed July 15, 2020
Withdrawn, Substituted and Refiled September 16, 2020

———————

**AFFIRMED IN PART AND DISMISSED IN PART**

———————

Charles E. Carpenter, Jr., of Carpenter Appeals & Trial
Support, LLC, Adam Tremaine Silvernail, of Law Office
of Adam T. Silvernail, LLC, and Daryl L. Williams, of
Gertz & Moore, LLP, all of Columbia, and William
Jeffrey Smith, of Newberry, all for Appellant.

Kenneth B. Wingate and Mark V. Gende, both of
Sweeny Wingate & Barrow, PA, of Columbia, for
Respondents Russell L. Bauknight, Daryl J. Brown,
Larry Brown, Lindsey Delores Brown, Terry Brown,
Tommie Rae Brown, Tonya Brown, Venisha Brown,
Yamma Brown, Jason Brown Lewis, Deanna Brown
Thomas.

Attorney General Alan McCrory Wilson, Solicitor
General Robert D. Cook, and Deputy Solicitor General J.
Emory Smith, Jr., all of Columbia, for Respondent Alan
Wilson.

———————

**PER CURIAM:**  Adele J. Pope appeals from the dismissal of the Attorney General[1] of South Carolina as a plaintiff in a lawsuit he and others filed against Pope and Robert Buchanan, Jr. in 2010.[2]  Pope argues the trial court erred in (1) granting the Attorney General and other Respondents[3] relief from default as to Buchanan's and Pope's counterclaims; (2) not disqualifying Respondents' counsel from representing the Attorney General and not enjoining Russell L. Bauknight[4] from acting on behalf of the Attorney General; (3) ruling Attorney General Wilson cannot be deposed in a tort suit Attorney General McMaster brought in 2010; and (4) granting the Attorney General's motion to withdraw as a party under Rule 21, SCRCP.  We affirm in part and dismiss in part pursuant to Rule 220(b), SCACR, and the following authorities:

(1)  Pope argues the trial court erred in granting the Attorney General and other Respondents relief from default as to Buchanan's and Pope's counterclaims.  Pope filed a motion to alter, amend and/or vacate the order granting Respondents' motion to set aside default.  Respondents filed a motion in opposition.  Pope's motion to alter, amend, or vacate has not been ruled upon by the trial court.  Our appellate courts have held that when a timely post-trial motion is pending before the lower court, any notice of appeal will be dismissed without prejudice as premature.  *Hudson v. Hudson*, 290 S.C. 215, 216, 349 S.E.2d 341, 341-42 (1986) ("[I]n the event timely post-trial motions are filed under Rule 59, simultaneously with or subsequent to the filing of a Notice of Appeal, the appellant shall notify the Clerk of this Court in writing.  Upon receipt of such notice, the appeal shall be dismissed without prejudice."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 20 n.2, 602 S.E.2d 772, 778 n.2 (2004) (citing to *Hudson* for the holding that when a

---

[1]  At the time the suit was filed, the Honorable Henry Dargan McMaster was the Attorney General.  In January 2011, the Honorable Alan McCrory Wilson became the Attorney General.

[2]  Buchanan is not a party to this appeal.

[3]  Respondents include: Alan Wilson, in his capacity as Attorney General of the State of South Carolina; Tommie Rae Brown, individually and on behalf of her minor child James B. II; Daryl J. Brown, individually and on behalf of his minor child Janise B.; Lindsey Delores Brown; Deanna J. Brown Thomas; Jason Brown-Lewis; Yamma N. Brown, individually and on behalf of her minor children Sydney L. Carrington L.; Tonya Brown; Venisha Brown; Larry Brown; and Terry Brown (collectively, Respondents).

[4]  Trustee of James Brown's 2000 Irrevocable Trust and the James Brown Legacy Trust, Personal Representative of the Estate of James Brown, and attorney for Alan Wilson, in his capacity as Attorney General of the State of South Carolina.

timely post-trial motion is pending before the lower court, any notice of appeal will be dismissed without prejudice as premature). Therefore, because Pope's motion to alter, amend, or vacate has not been ruled upon by the trial court, we find this issue is not immediately appealable and dismiss the appeal of the October 13, 2012 order granting Respondents' motion to set aside the entry of default.[5]

(2)      Pope argues the trial court erred in not disqualifying Respondents' counsel from representing the Attorney General and in not enjoining Bauknight from acting on behalf of the Attorney General. Pope filed a Rule 59(e) motion to reconsider the denial of her motions to disqualify the law firm and enjoin Bauknight. Pope's motion has not been ruled upon by the trial court. When a timely post-trial motion is pending before the lower court, any notice of appeal will be dismissed without prejudice as premature. *Hudson*, 290 S.C. at 216, 349 S.E.2d at 341-42 ("[I]n the event timely post-trial motions are filed under Rule 59, simultaneously with or subsequent to the  filing of a Notice of Appeal, the appellant shall notify the Clerk of this Court in writing. Upon receipt of such notice, the appeal shall be dismissed without prejudice."); *Elam*, 361 S.C. at 20 n.2, 602 S.E.2d at 778 n.2 (citing to *Hudson* for the holding that when a timely post-trial motion is pending before the lower court, any notice of appeal will be dismissed without prejudice as premature). Therefore, because Pope's Rule 59(e) motion to reconsider the denial of her motions to disqualify the law firm and enjoin Bauknight has not been ruled upon by the trial court, we find this issue is not immediately appealable and dismiss the appeal of the July 5, 2015 order denying Pope's motion to disqualify Sweeny, Wingate & Barrow Law Firm from representing the Attorney General and to enjoin Bauknight from purporting to speak for the Office of the Attorney General.[6]

(3)      Pope argues the trial court erred in ruling Attorney General Wilson cannot be deposed in a tort suit Attorney General McMaster brought in 2010. "[D]iscovery orders, in general, are interlocutory and are not immediately appealable because they do not, within the meaning of the appealability statute, involve the merits of the action or affect a substantial right." *Grosshuesch v.*

---

[5] S*ee also Jefferson by Johnson v. Gene's Used Cars, Inc.*, 295 S.C. 317, 317, 368 S.E.2d 456, 456 (1988) ("[T]he grant or denial of a Rule 55(c)[, SCRCP] motion is not directly appealable under S.C. Code Ann. § 14-3-330 (1976).").
[6] *See also EnerSys Delaware, Inc. v. Hopkins*, 401 S.C. 615, 619, 738 S.E.2d 478, 480 (2013) (holding "an order denying a motion to disqualify an attorney is not immediately appealable" and dismissing the appeal as interlocutory).

*Cramer*, 377 S.C. 12, 30, 659 S.E.2d 112, 122 (2008). Therefore, we find this issue is not immediately appealable.

(4)     Pope argues the trial court erred in granting the Attorney General's motion to withdraw as a party under Rule 21, SCRCP. Trial judges have the authority to realign parties at any stage of an action and such decisions will not be disturbed on appeal absent a showing of an abuse of discretion and resulting prejudice. *Branham v. Ford Motor Co.*, 390 S.C. 203, 243, 701 S.E.2d 5, 26 (2010). We find the trial court correctly determined the Attorney General's interest in protecting the charitable beneficiaries was being served by Bauknight as the current trustee and representative. *See Wilson v. Dallas*, 403 S.C. 411, 431, 743 S.E.2d 746, 757 (2013) ("[W]here the trust involves charitable entities, the trustee has a duty to defend the trust, and the [Attorney General] has the duty to represent the unspecified charitable beneficiaries."); *id.* at 449 n.30, 743 S.E.2d at 767 n.30 (noting the Attorney General was withdrawing from another James Brown case and maintaining a monitoring role); *cf. Epworth Children's Home v. Beasley*, 365 S.C. 157, 163-64, 616 S.E.2d 710, 713-14 (2005) (noting the trustees wished to terminate the trust in a manner that was violative of the settlor's intent, and the attorney general intervened to protect the charitable trust from destruction); *Furman v. McLeod*, 238 S.C. 475, 482-83, 120 S.E.2d 865, 868 (1961) (finding the attorney general was made a party to protect the public interest when trustees sought to deviate from the technical terms of the trust).

**AFFIRMED IN PART and DISMISSED IN PART.**[7]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[7] We decide this case without oral argument pursuant to Rule 215, SCACR.